KAREN P. HEWITT
United States Attorney
TOM STAHL, California State Bar No. 78291
Assistant United States Attorney
Chief, Civil Division
LAUREN M. CASTALDI
JUSTIN S. KIM
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9668
Facsimile: (202) 307-0054
E-mail: lauren.m.castaldi@usdoj.gov
E-mail: justin.s.kim@usdoj.gov

Attorneys for the United States of America

FILED
FEB 15 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY LP DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

LAUREL HILL ESCROW SERVICES, INC., a California corporation,

Plaintiff,

v.

IDEVELOPMENT, INC., a California corporation dba A&M TOWING; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,

Defendants,

v.

Case No. '08 CV 0301 H JMA

UNITED STATES' NOTICE OF REMOVAL

Removed from San Diego County, California Superior Court
Case No. 37-2007-00066921-CU-MC-CTL

THE UNITED STATES OF AMERICA,

Defendant.

The United States of America, by and through its undersigned counsel, hereby removes the above-captioned action to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. § 1442(a)(1). The basis for the removal is as follows:

1. On May 22, 2007, the plaintiff, Laurel Hill Escrow Services, Inc. filed a civil action designated as Complaint in Interpleader, in the Superior Court of the State of California, San Diego County. Although the United States had an interest in this action by virtue of federal tax liens, it was not named as a defendant or served in this matter.

2. The United States filed a Motion to Intervene, attached hereto, in the above-captioned action. The motion was granted by the Court in an oral ruling on January 25, 2008.

3. This action is one that may be removed pursuant to 26 U.S.C. § 7424 and 28 U.S.C. § 1444, in that removal is proper when the United States intervenes in a state court action as if it had originally been named a defendant.

4. The Motion to Intervene was granted on January 25, 2008. This notice of removal is being filed within thirty days of the action becoming removable. See 28 U.S.C. § 1446(b). By filing this notice, the United States does not waive any defenses listed in Federal Rule of Civil Procedure 12.

5. This action may be removed to this Court without bond by virtue of the provisions of 28 U.S.C. Section 2408(a) because the United States has initiated this removal.

6. A copy of this notice shall be promptly filed with the San Diego County Superior Court and served upon all parties.

7. A copy of all pleadings received by the United States is attached hereto.

//

//

DATED this 11th day of February, 2008.

KAREN P. HEWITT
United States Attorney

TOM STAHL
Assistant United States Attorney
Chief, Civil Division

/s/ Lauren M. Castaldi
JUSTIN S. KIM
LAUREN M. CASTALDI
Trial Attorneys, Tax Division
U.S. Department of Justice
Attorneys for the United States of America

Donald Merkin, SBN 62121
Merkin & Associates, Attorneys
4747 Morena Boulevard, Suite 302
San Diego, California 92117
T 858 454-3244
F 858 270-1420

Attorney for Plaintiff Laurel Hill Escrow Services, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES, INC., a California corporation,<br><br>Plaintiff,<br>VS.<br><br>IDEVELOPMENT, INC., a California corporation; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO; BRIDGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; and AT&T,<br><br>Defendants. | CASE NO. 37-2007-00066921-CU-MC-CTL<br><br>NOTICE OF RULING<br><br>Date: 1/25/08<br>Time: 10:30 A.M.<br>Dept: C-67<br>Hon. David A. Oberholtzer |

To all defendants and their attorneys of record:

A Case Management Conference hearing and a hearing on plaintiff Laurel Hill Escrow, Inc.'s Motion to be Dismissed and Relieved of Liability was held on Friday, January 25, 2008. A copy of Judge Oberholtzer's ruling is attached hereto. In

addition, Judge Oberholtzer granted the Motion to Intervene submitted by the United States Department of Justice.

Dated: January 30, 2008

Merkin & Associates

Donald Merkin, Attorney for Plaintiff Laurel Hill Escrow Services, Inc.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO HALL OF JUSTICE

## TENTATIVE RULINGS - January 24,2008

EVENT DATE: 01/25/2008 EVENT TIME: 10:30:00 AM DEPT.: C-67

JUDICIAL OFFICER: David B. Oberholtzer

CASE NO.: 37-2007-00066921-CU-MC-CTL

CASE TITLE: LAUREL HILL ESCROW SERVICES INC VS. IDEVELOPMENT INC

CASE CATEGORY: Civil - Unlimited CASE TYPE: Misc Complaints - Other

EVENT TYPE: Motion Hearing (Civil)
CAUSAL DOCUMENT /DATE FILED: Motion - Other, 01/09/2008

Plaintiff Laurel Hill Escrow Services, Inc.'s ("Plaintiff") motion to be dismissed and relieved of liability is continued to February 29, 2008.

Plaintiff has failed to: 1) include all known claimants in this action (i.e. DOE in the IRS), 2) properly serve all known claimants/defendants with the Complaint in Intervention and this motion, 3) provide proof of service to the Court; 4) dismiss parties (presuming dismissal is proper); and/or 5) request entry of default for non-responding creditors/defendants. As such, this motion is continued to correct these procedural deficiencies.

Plaintiff is ordered to file and serve a status report addressing the service issues of each of the named creditor/defendants on or before February 22, 2008.

The Court sets an OSC re: whether or not the $5,577.50 retained by Plaintiff should be deposited with the Court for February 29, 2007. Plaintiff's brief is to be filed on or before February 19, 2008; Defendants' reply briefs are to be filed on or before February 22, 2008.

The CMC is also continued to February 29, 2007. All of the aforementioned hearings are set for 10:30 a.m. in Department 67.

Donald Merkin, SBN 62121
Merkin & Associates, Attorneys
4747 Morena Boulevard, Suite 302
San Diego, California 92117
T 858 454-3244
F 858 270-1420

JAN 18 2008
By: PATRICIA F. LEGLER, Deputy

Attorney for Plaintiff Laurel Hill Escrow Services, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES, INC., a California corporation,<br><br>Plaintiff,<br>VS.<br><br>IDEVELOPMENT, INC., a California corporation; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO; BRIDGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; and AT&T,<br><br>Defendants. | CASE NO. 37-2007-00066921-CU-MC-CTL<br><br>DECLARATION OF DONALD MERKIN IN REPLY TO OPPOSITION TO MOTION TO DISMISS OF PLAINTIFF AND RELEASE PLAINTIFF FROM LIABILITY<br><br>Date: 1/25/08<br>Time: 10:30 A.M.<br>Dept: C-67<br>Hon. Patricia A. Y. Cowett |

I, Donald Merkin, declare:

1. I am an attorney in good standing in all courts in the State of California and the attorney of record for Laurel Hill Escrow Services, Inc. In this action.

2. The statements in this declaration are of my own knowledge and if called I could and would competently testify to

their content.

3. Plaintiff Laurel Hill served all defendants named in this action. Thereafter, I spoke with several of the defendants, including attorneys for the objecting parties. Most of them, especially the creditors with relatively small claims, did not understand the procedure and, since I could not offer them any legal advice, they had no option but to incur legal expense and a filing fee of $320 and some of them said they could not afford to do so. Since defendants' oppositions to our motion the following creditors have contacted me and requested dismissal: California Department of Motor Vehicles; NCO Financial Services; and Jimmy Johnson Kearney Mesa Chevrolet. These defendants will be dismissed as soon as we have their request in writing.

4. The plaintiff in an interpleader case is in a different position than a plaintiff in an adversary proceeding. Here, the plaintiff is adverse to no one and favors no creditor over another. Moreover, the plaintiff's status remains so only so long as that neutrality is honored. Under this circumstance, the plaintiff risks that neutrality by requesting the entry of default of a non-answering defendant. The last thing that an interpleader plaintiff wishes to do is to institute any process which may require further participation. The last thing an interpleader court wishes to do is to deprive an interpled defendant of the right to make an informed decision. Once the plaintiff is dismissed, it is appropriate and necessary for the parties to "choose up sides," identify issues, and resolve them

under the court's direction. It is inappropriate for one creditor to seek to enlist the assistance of the plaintiff to make the creditor's job easier.

5. CCP 386.6 authorizes the plaintiff to seek costs and fees from the funds deposited with the court. Plaintiff has done so, requesting $1,015.00 for fees incurred and unpaid since the filing of the complaint. The various fees and costs of the plaintiff totaling $5,577.50 and been paid from escrow to the plaintiff during the course of the escrow. Moreover, those fees and costs were disclosed in the complaint in the interest of full disclosure.

6. This proceeding, and indeed the escrow itself, was unusually delayed and aggravated by the actions of the parties and a broker, Michael Branden, who made numerous telephone calls and written communications to plaintiff and its attorney, the undersigned, demanding his brokers commission. He refused to accept the fact that he was a creditor and was on a par with other creditors. Other factors which required legal consultations in the escrow were: (1) the sellers transferred assets outside of and even before opening of escrow, (2) illegible and conflicting purported escrow amendments, (3) the parties' refusal to sign various instructions which purportedly had been agreed to.

7. Service was made on all defendants initially attempted by Notice and Acknowledgement of Service. Each defendant was told (1) to consult a lawyer if they felt they needed legal

hearing at which the Court would make decisions that would affect their claims, (3) that they should file answers to the complaint. To those that did not want to go to the expense, I said that if they did not, I would not seek their default, and that they could explain their position at the hearing. Four answers out of fifteen were received. Personal service was then effected on those parties who did not return the Notice of Acknowledgement and Receipt according to Code. Altogether, this took several months. During this period, the president of the plaintiff suffered a series of strokes and a heart attack which slowed much of Laurel Hill's activity for about two months.

8. Each defendant was served with notice of the hearing on plaintiff's motion. Normally, the plaintiff is, by definition, the defendant's adversary. Here, the plaintiff in interpleader is not. The objecting parties, for their own benefit, seek to force the plaintiff to eliminate claimants, thereby decreasing sharers in the interpled funds. Ths is inconsistent with the letter and spirit of CCP 386. This Court may authorize *nunc pro tunc* the extensions granted to such defendants/claimants and plaintiff requests this Court to do so.

I declare under penalty of perjury under the laws of the State of California that the foregoing statements are true and correct and this declaration was signed by me on January 17, 2008 in San Diego, California.

Merkin & Associates

Donald Merkin

968AA-P5

Donald Merkin, Esq. SBN 62121
merkin & Associates, Attorneys
4747 Morena Boulevard, Suite 302
San Diego, CA 92117

T 858 454-3244 F 858 270-1420

Attorney for Plaintiff Laurel Hill Escrow

**SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO**
330 West Broadway
San Diego, CA 92101
Central Branch

Plaintiff: Laurel Hill Escrow Services, Inc.

Defendant: Idevelpment, Inc., et al

**PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL** 37-2007-00066921-CU-MC-CTL

I, Alice M. Starr, declare that:

I am, and was at the time of the service hereinafter mentioned, at least 18 years of age and not a party to this action. I hereby certify that the below-entitled document is printed on recycled paper. My business address is 4747 Morena Boulevard, Suite 302, San Diego, California 92117.

I served the preceding DECLARATION OF DONALD MERKIN IN REPLY TO OPPOSITION TO MOTION TO DISMISS OF PLAINTIFF AND RELEASE PLAINTIFF FROM LIABILITY on January 17, 2008 by placing a copy in a sealed envelope with postage fully prepaid, dropping into a regularly maintained "Overnite Express" box for in San Diego, California for overnight delivery addressed to the following:

see attached service list

I declare under penalty of perjury under the laws of the State of

Welch's Tires, Inc.
3724 Main Street
San Diego, CA 92113

ReMax
23586 Calabasas Road
Suite 105
Calabasas, CA 91302

Michael Brandon
Re/Max Commercial
5340 Las Virgenes Road #1
Calabasas, CA 91302
(in pro per)

Jimmy Johnson Kearney Mesa Chevrolet
7978 Balboa Ave.
San Diego, CA 92111

Loma Riviera 76 Station
4049 W. Point Loma Blvd.
San Diego, CA 92110

NCO Financial Systems, Inc.
1500 Commerce Drive
Mendota Heights, MN 55120

California Department of Motor Vehicles
Office of the Director
2415 1st Avenue Mail Station F101
Sacramento, CA 95818

Service List for *Laurel Hill Escrow Services, Inc. v. Idvelopment, et al*
Case No. 37-2007-00066921-CU-MC-CTL

Defendants

Aaron A. Hayes, Esq.
Pope, Berger & Williams, LLP
550 West C Street, Suite 1400
San Diego, CA 92101
(Attorney for Ponce and Liggerrette)

Steve Lopez, Esq.
Geraci & Lopez
13355 Midland Road
Suite 140
Poway, CA 92064
(Attorney for Advantage Towing)

Cynthia M. Jones, Esq.
Avatar Legal
12626 High Bluff Drive
Suite 360
San Diego 92130
(Attorney for Idevelopment)

Mark L. Share, Esq.
De Castro, West, Chodorow, Glickfeld & Nass, Inc.
10960 Wilshire Blvd., 14th Floor
Los Angeles, CA 90024-3881
(Attorneys for Community Bank)

Hugh A. McCabe, Esq.
Neil, Dymott, Frank, McFall, & Trexler
1010 Second Avenue, Suite 2500
San Diego, CA 92101-4959
(special notice - lien holder for attorney fees)

The Hose Pros
7375 Convoy Court
San Diego, CA 92117

Voit Commercial Brokerage
4370 La Jolla Village Drive
Suite 990
San Diego, CA 92122

California that the foregoing is true and correct. Executed this 17th day of January, 2008 at San Diego, California.

Alice M. Starr

Donald Merkin, SBN 62121
Merkin & Associates, Attorneys
4747 Morena Boulevard, Suite 302
San Diego, California 92117
T 858 454-3244
F 858 270-1420

Attorney for Plaintiff Laurel Hill Escrow Services, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES, INC., a California corporation,<br><br>Plaintiff,<br>VS.<br><br>IDEVELOPMENT, INC., a California corporation; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO; BRIDGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; and AT&T,<br><br>Defendants. | CASE NO. 37-2007-00066921-CU-MC-CTL<br><br>DECLARATION OF DONALD MERKIN IN REPLY TO OPPOSITION TO MOTION TO DISMISS OF PLAINTIFF AND RELEASE PLAINTIFF FROM LIABILITY<br><br>Date: 1/25/08<br>Time: 10:30 A.M.<br>Dept: C-67<br>Hon. Patricia A. Y. Cowett |

I, Donald Merkin, declare:

1. I am an attorney in good standing in all courts in the State of California and the attorney of record for Laurel Hill Escrow Services, Inc. In this action.

2. The statements in this declaration are of my own knowledge and if called I could and would competently testify to

their content.

3. Plaintiff Laurel Hill served all defendants named in this action. Thereafter, I spoke with several of the defendants, including attorneys for the objecting parties. Most of them, especially the creditors with relatively small claims, did not understand the procedure and, since I could not offer them any legal advice, they had no option but to incur legal expense and a filing fee of $320 and some of them said they could not afford to do so. Since defendants' oppositions to our motion the following creditors have contacted me and requested dismissal: California Department of Motor Vehicles; NCO Financial Services; and Jimmy Johnson Kearney Mesa Chevrolet. These defendants will be dismissed as soon as we have their request in writing.

4. The plaintiff in an interpleader case is in a different position than a plaintiff in an adversary proceeding. Here, the plaintiff is adverse to no one and favors no creditor over another. Moreover, the plaintiff's status remains so only so long as that neutrality is honored. Under this circumstance, the plaintiff risks that neutrality by requesting the entry of default of a non-answering defendant. The last thing that an interpleader plaintiff wishes to do is to institute any process which may require further participation. The last thing an interpleader court wishes to do is to deprive an interpled defendant of the right to make an informed decision. Once the plaintiff is dismissed, it is appropriate and necessary for the parties to "choose up sides," identify issues, and resolve them

under the court's direction. It is inappropriate for one creditor to seek to enlist the assistance of the plaintiff to make the creditor's job easier.

5. CCP 386.6 authorizes the plaintiff to seek costs and fees from the funds deposited with the court. Plaintiff has done so, requesting $1,015.00 for fees incurred and unpaid since the filing of the complaint. The various fees and costs of the plaintiff totaling $5,577.50 and been paid from escrow to the plaintiff during the course of the escrow. Moreover, those fees and costs were disclosed in the complaint in the interest of full disclosure.

6. This proceeding, and indeed the escrow itself, was unusually delayed and aggravated by the actions of the parties and a broker, Michael Branden, who made numerous telephone calls and written communications to plaintiff and its attorney, the undersigned, demanding his brokers commission. He refused to accept the fact that he was a creditor and was on a par with other creditors. Other factors which required legal consultations in the escrow were: (1) the sellers transferred assets outside of and even before opening of escrow, (2) illegible and conflicting purported escrow amendments, (3) the parties' refusal to sign various instructions which purportedly had been agreed to.

7. Service was made on all defendants initially attempted by Notice and Acknowledgement of Service. Each defendant was told (1) to consult a lawyer if they felt they needed legal

advice, (2) that they would be served with a motion for a court hearing at which the Court would make decisions that would affect their claims, (3) that they should file answers to the complaint. To those that did not want to go to the expense, I said that if they did not, I would not seek their default, and that they could explain their position at the hearing. Four answers out of fifteen were received. Personal service was then effected on those parties who did not return the Notice of Acknowledgement and Receipt according to Code. Altogether, this took several months. During this period, the president of the plaintiff suffered a series of strokes and a heart attack which slowed much of Laurel Hill's activity for about two months.

8. Each defendant was served with notice of the hearing on plaintiff's motion. Normally, the plaintiff is, by definition, the defendant's adversary. Here, the plaintiff in interpleader is not.. The objecting parties, for their own benefit, seek to force the plaintiff to eliminate claimants, thereby decreasing sharers in the interpled funds. Ths is inconsistent with the letter and spirit of CCP 386. This Court may authorize *nunc pro tunc* the extensions granted to such defendants/claimants and plaintiff requests this Court to do so.

January 17, 2008

Merkin & Associates

Donald Merkin, Attorney for
Laurel Hill Escrow Services, Inc.

De CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
MARK L. SHARE (State Bar No. 149202)
10960 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024-3881
(310) 478-2541
Fax: (310) 473-0123

Attorney for Defendant
Community Bank

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

LAUREL HILL ESCROW SERVICES, INC., a California corporation,

Plaintiff,

v.

IDEVELOPMENT, INC., a California corporation dba A & M Towing; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,

Defendants.

CASE NO. 37-2007-00066921-CU-MC-CTL
(Unlimited Civil Case)

**SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO BE DISMISSED AND RELEASED FROM LIABILITY**

[*Telephonic Appearance*]

Date: January 25, 2008
Time: 10:30 a.m.
Dept: C-67
Judge: Hon. David B. Oberholtzer

Defendant and Secured Creditor Community Bank ("Bank") hereby presents its Supplemental Opposition to the Reply in Support of the Motion of Plaintiff Laurel Hill Escrow Services, Inc. ("Plaintiff") to be dismissed, released from liability and for the determination of attorneys' fees.

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

Bank responds to the new facts raised in the Reply, specifically, that Plaintiff believes that a claimant, the IRS, has not been served or appeared, and that Plaintiff claims it will dismiss some Claimants who so request in writing. Bank also note that Plaintiff's Case Management Conference Statement, which was belatedly served by mail on January 18, 2008, improperly fails to inform the Court in part 3.b about the existence of defendants who are unserved, have not appeared, and/or who have not been dismissed.

In essence, Plaintiff's motion asks for it to not be held accountable for the procedural morass it is creating through its lack of diligence, while pocketing nearly $7,000 for creating this mess.

Plainly, it is premature as a matter of due process and proper procedure to find that Plaintiff has no liability and that it properly took thousands of dollars as a priority creditor without Plaintiff having brought this lawsuit to issue by causing all the defendants to have appeared, or have been dismissed or defaulted.

Plaintiff cites no legal authority, because there is none, and its position is absurd, that a plaintiff in an interpleader action is held to a different set of procedural rules than plaintiffs in all other civil lawsuits. Plaintiff should face an OSC for having failed to comply with San Diego Superior Court Rules 2.1.7 and 2.1.10, at great cost and delay and extra efforts for the appearing defendants and to the Court.

The Bank respectfully requests that the Court continue this hearing and the CMC for 30 days and issue an Order to Show Cause directing Plaintiff to show cause why it should not be sanctioned for having failed to timely enter the defaults of defendants, and why it should not deposit the remaining $5,577.50 into the Court.

Dated: January 22, 2008

De CASTRO, WEST, CHODOROW,
GLICKFELD & NASS, INC.

By: [signature]
Mark L. Share
Attorneys for Defendant
Community Bank

M:\FinnDocs\MLS\Community Bank\A&M Towing\Motions\Supp Opposition to Escrow Motion.rev1.wpd

De CASTRO, WEST, CHODOROW,
GLICKFELD & NASS, INC.
MARK L. SHARE (State Bar No. 149202)
10960 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024-3881
(310) 478-2541
Fax: (310) 473-0123

Attorney for Defendant
Community Bank

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>IDEVELOPMENT, INC., a California corporation dba A & M Towing; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,<br><br>Defendants. | CASE NO. 37-2007-00066921-CU-MC-CTL<br>(Unlimited Civil Case)<br><br>**OPPOSITION TO THE MOTION OF PLAINTIFF TO BE DISMISSED AND RELEASED FROM LIABILITY; REQUEST FOR SETTING OF OSC RE PLAINTIFF'S FAILURE TO ENTER DEFAULTS AND FAILURE TO DEPOSIT ALL FUNDS WITH COURT**<br><br>[*Telephonic Appearance Requested*]<br><br>Date: January 25, 2008<br>Time: 10:30 a.m.<br>Dept: C-67<br>Judge: Hon. Patricia A.Y. Cowett |

Defendant and Secured Creditor Community Bank ("Bank") hereby presents its Opposition to the Motion of Plaintiff Laurel Hill Escrow Services, Inc. ("Plaintiff") to be dismissed, released from liability and for the determination of attorneys' fees.

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

## I. INTRODUCTION

Bank wishes it could support this Motion, but Plaintiff's attorney has, unfortunately, willfully violated the Rules of Court by failing to enter defaults and bring this matter to issue, despite the passage of eight months since filing this lawsuit and incurring approximately $7,000 in attorneys' fees, more than $5,000 of which Plaintiff unilateral took from the funds in clear violation of the applicable law. Bank requests that the Court continue this hearing for 30 days and set an OSC why sanctions should not be imposed against Plaintiff for not entering the defaults of 11 named defendants Advantage Towing Company, Inc., Michael Branden, Re/Max, Jimmy Johnson's Kearny Mesa Chevrolet, Loma Riviera 76, NCO Financial Systems, Inc., The Hose Pros, Voit Commercial Brokerage, Welch's Tires, Inc. AT&T, and California Department of Motor Vehicles. Bank also requests that the Court set an Order to Show Cause ("OSC") as to why Plaintiff should not be required to deposit with the Court the $5,577.50 of the funds it wrongly took for itself.

## II. AN INTERLOCUTORY JUDGMENT REGARDING PLAINTIFF'S LIABILITY CANNOT BE ENTERED UNTIL THE NAMED DEFENDANTS HAVE ANSWERED OR BEEN DEFAULTED

In the first stage of an interpleader action, which is the subject of Plaintiff's pending motion, the Court determines whether the interpleading party is entitled to maintain an action in interpleader and enters an interlocutory judgment requiring the adverse claimants to litigate their claims among themselves. (*Great-West Life Assur. Co. v. Superior Court* (1969) 271 Cal. App. 2d 124, 126-127; *Dial 800* v. *Fesbinder* (2004) 118 Cal. App. 4th 32, 42-43.)

Unfortunately, no interlocutory judgment can be entered because Plaintiff's attorney, Donald Merkin, as he told the undersigned and the attorneys for George Ponce, Sr. Bridget Legerette and iDevelopment, Inc., gave indefinite open extensions to all the named defendants, so that the case is not at issue. Merkin stated that he wanted the defendants to not have to pay filing fees to the Court, and acknowledged that his actions were contrary to the Rules of Court. Yet,

Merkin inexplicably set this matter for hearing knowing that several defendants had not appeared or had their defaults entered.

San Diego Superior Court Rule 2.1.7 states that "the plaintiff must request entry of default forthwith" after the expiration of the statutory time to answer. Rule 2.1.10 states that cases are only "'at issue' when all parties are before the court and challenges to pleadings are complete, or the deadlines set by the court fo the completion of these events have passed." The Plaintiff must prepare and serve Requests for Entry of default as to the non-answering defendants, who are everyone except the Bank, George Ponce, Sr., Bridget Legerrette, and iDevelopment, Inc.

The Bank has no personal knowledge as to whether or not the other defendants have been served, although Plaintiff provides a conclusory declaration of "Alice Starr" that says they have.

Therefore, the Bank requests that this hearing and the simultaneously scheduled Case Management Conference ("CMC") be continued 30 days and an Order to Show Cause as to why it has not entered the defaults of all named defendants set for hearing at the same time, and authorize the appearing defendants to seek sanctions, as an offset to Plaintiffs' request for attorneys' fees, for the defendants fees in appearing at and responding to this first, belated (after eight months), and yet premature motion as defendants have not been defaulted.

## III. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS MISLEADING, IMPROPER, PREMATURE, AND EXCESSIVE

As a matter of law, no plaintiff in an interlocutory decree action is entitled to its attorneys' fees; the award of such fees from the amount deposited is always discretionary with the Court. (Code Civ. Proc. § 386.6(a).) Any fees awarded effectively give the Plaintiff a priority as to the funds deposited with the Court and reduce funds available to other creditors, no matter how deserving. A plaintiff who has not completed all of the steps in Section 386 should not be considered for discretionary fees; and this Plaintiff wrongfully did not complete the step of depositing ALL the funds it was holding.

What Plaintiff did, apparently out of fear that the Court would not award it all of the fees it would request, was take $5,577.50 from the fund *before* depositing it with the Court. This

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

impropriety is not disclosed in Plaintiff's Motion; it is admitted in the First Amended Complaint at paragraphs 7 and 8. Because Plaintiff did not deposit all of the funds into the Court, it has not met the condition for being considered for discretionary fees. (Code Civ. Proc. § 386.6(a); *Phillips v. Barton* (1962) 207 Cal. App. 2d 488, 495.)

The Bank requests that the Court set an Order to Show Cause why Plaintiff should not deposit the $5,577.50 into the Court with the remainder of the funds to be available to all creditors.

Furthermore, Plaintiff has dragged on this initial stage of the proceedings for eight months since it filed the lawsuit, accomplishing nothing but delay, and without bringing the case to issue. Merkin provides a Declaration of lay person Maxine Beye, and has her claim her stroke, as opposed to Merkin's inaction caused the delay, but Beye's declaration, which has no substance, adds nothing to this hearing and did not need to be filed let alone cause a delay in this proceeding.

The Bank suggests that the proper award of fees is substantially less than approximately $7,000, and moreover, that Plaintiff should seek payment as a general creditor in the proceedings, sharing in the pot rather than being paid first. Although at the time of the interlocutory judgment the amount of Plaintiff's fees are determined, the Court may postpone until the final judgment a determination of the source of payment of those fees. (*Great-West Life, supra,* 271 Cal. App. 2d at p. 128.)

## IV. <u>CONCLUSION</u>

The Bank respectfully requests that the Court continue this hearing and the CMC for 30 days and issue an Order to Show Cause directing Plaintiff to show cause why it should not be sanctioned for having failed to timely enter the defaults of defendants, and why it should not deposit the remaining $5,577.50 into the Court.

Dated: January 11, 2008

De CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.

By: [signature]
Mark L. Share
Attorneys for Defendant
Community Bank

M:\FirmDocs\MLS\Community Bank\A&M Towing\Motions\Opposition to Escrow Motion.rev2.wpd

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

De CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
MARK L. SHARE (State Bar No. 149202)
10960 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024-3881
(310) 478-2541
Fax: (310) 473-0123

Attorney for Defendant
Community Bank

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

LAUREL HILL ESCROW SERVICES, INC., a California corporation,

Plaintiff,

v.

IDEVELOPMENT, INC., a California corporation dba A & M Towing; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,

Defendants.

CASE NO. 37-2007-00066921-CU-MC-CTL
(Unlimited Civil Case)

**NOTICE OF JOINDER IN OPPOSITION AND OBJECTIONS OF DEFENDANTS PONCE AND LEGERRETTE TO THE MOTION OF DEFENDANT MICHAEL BRANDEN FOR TO RELEASE MONEY IN BULK SALE**

[*Telephonic Appearance Requested*]

Date: January 18, 2008
Time: 10:30 a.m.
Dept: C-67
Judge: Hon. Patricia A.Y. Cowett

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

Defendant and Secured Creditor Community Bank hereby joins in the Opposition and Objections of Defendants George Ponce, Sr. and Bridget Legerrette to the Motion of Defendant Michael Branden for to Release Money in Bulk Sale and requests that the Court deny the Motion for the grounds stated in the Opposition and Objections, which for the sake of brevity are incorporated herein by reference.

Dated: January 4, 2008

De CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.

By: [signature]
Mark L. Share
Attorneys for Defendant Community Bank

M:\FirmDocs\MLS\Community Bank\A&M Towing\Motions\Notice of Joinder.wpd

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

Harvey C. Berger (SBN 102973)
Aaron A. Hayes (SBN 236122)
**POPE, BERGER & WILLIAMS, LLP**
550 West "C" Street, Suite 1400
San Diego, California 92101
Telephone: (619) 595-1366
Facsimile: (619) 236-9677

Attorneys for Defendants
GEORGE PONCE, SR.,
BRIDGET LEGERRETTE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO - CENTRAL JUDICIAL BRANCH**

LAUREL HILL ESCROW SERVICES, INC., a California corporation,

Plaintiff,

vs.

IDEVELOPMENT, INC., a California corporation dba A&M TOWING; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,

Defendants.

Case No. 37-2007-00066921-CU-MC-CTL

Judge: Hon. Patricia A.Y. Cowett
Dept: C-67

**DEFENDANTS GEORGE PONCE, SR., AND BRIDGET LEGERRETTE'S OPPOSITION TO MOTION OF MICHAEL BRANDEN TO RELEASE MONEY IN BULK SALE TRANSACTION**

Hearing Date: January 18, 2008
Hearing Time: 10:30am

Defendants GEORGE PONCE, SR. and BRIDGET LEGERRETTE respectfully submit this Opposition to the Motion of Michael Branden to Release Money in Bulk Sale Transaction.

**I. THE MOTION IS IMPROPER**

Once funds have been interplead by a plaintiff, it is the responsibility of each defendant-claimant upon those funds to establish their claim in the litigation, so as to allow the Court to make a final determination as to the respective rights of each defendant-claimant to the funds. (*State Farm Fire &*

*Cas. Co. v. Pietak* (2001) 90 Cal.App.4th 600, 612.) Only once all defendant-claimants have had an opportunity to present evidence of their entitlement to the funds held in interpleader can a final determination on the merits be made, and the interpleader action is, by its nature, litigation between all defendant-claimants to establish their rights to funds interplead. (*Id.*)

The present motion of Michael Branden ignores the proper procedure required for claiming funds held in an interpleader and seeks to have funds released without providing other defendant-claimants the opportunity to conduct discovery as to the propriety of Mr. Branden's claim, and otherwise seeks a final determination of Mr. Branden's claim without requiring Mr. Branden to litigate his claim amongst the other defendant-claimants, as required by California law. (*See* C.C.P. §386(b); *Hancock Oil Co. v. Hopkins* (1944) 24 Cal.2d 497, 508.)

Although Mr. Branden sets forth in his motion facts *which he believes* entitle him to certain funds held in interpleader, he must prove these facts through the course of this litigation, after all defendant-claimants have had an opportunity to conduct discovery and establish their own claims, such that the court can make a final determination. Mr. Branden faces no prejudice by being required to properly prove and await his funds at the conclusion of the interpleader action, as he will "recover in this [interpleader] proceeding all that he is entitled to receive." (*Williams v. Gilmore* (1942) 51 Cal.App.2d 684, 690.)

## II. CONCLUSION

Based upon the foregoing, Defendants respectfully request that Michael Branden's motion be denied in its entirety.

Respectfully Submitted,

1/4/08
Date

POPE, BERGER AND WILLIAMS, LLP

Harvey C. Berger
Aaron A. Hayes
Attorneys for Defendant

- 2 -

DEFENDANTS GEORGE PONCE, SR., AND BRIDGET LEGERRETTE'S OPPOSITION TO MOTION OF MICHAEL BRANDEN TO RELEASE MONEY IN BULK SALE TRANSACTION

Harvey C. Berger (SBN 102973)
Aaron A. Hayes (SBN 236122)
**POPE, BERGER & WILLIAMS, LLP**
550 West "C" Street, Suite 1400
San Diego, California 92101
Telephone: (619) 595-1366
Facsimile: (619) 236-9677

Attorneys for Defendants
GEORGE PONCE, SR.,
BRIDGET LEGERRETTE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO - CENTRAL JUDICIAL BRANCH**

LAUREL HILL ESCROW SERVICES, INC., a California corporation,

Plaintiff,

vs.

IDEVELOPMENT, INC., a California corporation dba A&M TOWING; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,

Defendants.

Case No. 37-2007-00066921-CU-MC-CTL

Judge: Hon. Patricia A.Y. Cowett
Dept: C-67

**DEFENDANTS GEORGE PONCE, SR., AND BRIDGET LEGERRETTE'S OPPOSITION TO MOTION OF LAUREL HILL ESCROW SERVICES, INC., TO BE DISMISSED AND RELIEVED OF LIABILITY**

Hearing Date: January 25, 2008
Hearing Time: 10:30am

Defendants GEORGE PONCE, SR. and BRIDGET LEGERRETTE respectfully submit this Opposition to the Motion of LAUREL HILL ESCROW SERVICES, INC., to be Dismissed and Relieved of Liability.

///

///

///

**I. PLAINTIFF SHOULD NOT BE RELIEVED AS PLAINTIFF HAS NOT FULFILLED ITS DUTIES AS REQUIRED BY THE RULES OF COURT**

California Rule of Court 3.110(g) requires that a Plaintiff timely file a request for entry of default "within 10 days after the time for service has elapsed." (*Id.*) Plaintiff filed this action on June 19, 2007, naming fifteen (15) defendants, only four of whom have filed responsive pleadings that meet the requirements of California Code of Civil Procedure section 585. (Declaration of Aaron A. Hayes, ¶2.) Despite the fact that more than six months have passed since Plaintiff filed its First Amended Complaint, Plaintiff has not requested entry of default as to the eleven defendants that have never filed responsive pleadings.[1]

Should Plaintiff be dismissed from this action without having requested entry of default as to these defendants who have yet to appear, those defendants who have properly appeared will be forced to expend significant time and expense in locating these defendants and otherwise seeking to have them dismissed from this litigation. Further, it is arguable whether a co-defendant can even seek to have another defendant deemed in default for failure to respond to a plaintiff's Complaint. Given that Plaintiff bears this responsibility pursuant to its obligations under the Rules of Court, it is improper for Plaintiff to seek to be dismissed from this litigation before its duties have been fully performed. Additionally, Defendant's Counsel has been informed that Plaintiff's Counsel is informing defendants that have not appeared that they need not do so and may simply appear at the Case Management Conference. (Declaration of Aaron A. Hayes, ¶3.) This is both a violation of the Rules of Court and improper on the part of Plaintiff's Counsel.

**II. PLAINTIFF'S MOTION DISTORTS THE AMOUNT OF ATTORNEY'S FEES AND EXPENSES PLAINTIFF HAS RECEIVED IN THIS ACTION**

Plaintiff's legal fees claimed in its motion ($975.00) do not reflect the true amount of fees that Plaintiff will have obtained from the funds now held in interpleader. Specifically, paragraphs 7 and 8

---

[1] Although defendant MICHAEL BRANDEN has filed motions for his "funds to be released," these motions are not responsive pleadings which can prevent entry of default, pursuant to C.C.P. section 558.

of Plaintiff's First Amended Complaint indicates that Plaintiff has already claimed *and deducted* the sum of $5,577.50 from the funds for "expenses and attorneys' fees." The Notice of Deposit of Funds with Clerk of Court filed concurrently by Plaintiff reflects that the amount actually deposited is exactly $5,577.50 less than the funds held in escrow and described in paragraph 7 of Plaintiff's First Amended Complaint. In short, Plaintiff has already claimed and kept $5,577.50 as reimbursement for legal expenses paid to Plaintiff's Counsel, and with the additional amount requested by Plaintiff's Counsel in this motion, Plaintiff's Counsel will have received $6,552.50. Defendants displ 2ute strenuously that Plaintiff, or its counsel, are entitled to this amount of fees, especially in light of Plaintiff's failure to comply with all of its duties under the Rules of Court.

**III. CONCLUSION**

Based upon the foregoing, Defendants respectfully request that Plaintiff's motion be denied in its entirety, until such time as Plaintiff has fully complied with its duties and requested entry of default as to all defendants who have failed to file responsive pleadings.

Respectfully Submitted,

1/9/08
Date

POPE, BERGER AND WILLIAMS, LLP

Harvey C. Berger
Aaron A. Hayes
Attorneys for Defendant

Harvey C. Berger (SBN 102973)
Aaron A. Hayes (SBN 236122)
**POPE, BERGER & WILLIAMS, LLP**
550 West "C" Street, Suite 1400
San Diego, California 92101
Telephone: (619) 595-1366
Facsimile: (619) 236-9677

Attorneys for Defendants
GEORGE PONCE, SR.,
BRIDGET LEGERRETTE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO - CENTRAL JUDICIAL BRANCH**

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>IDEVELOPMENT, INC., a California corporation dba A&M TOWING; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,<br><br>Defendants. | Case No. 37-2007-00066921-CU-MC-CTL<br><br>Judge: Hon. Patricia A.Y. Cowett<br>Dept: C-67<br><br>**DECLARATION OF AARON A. HAYES IN SUPPORT OF DEFENDANTS GEORGE PONCE, SR., AND BRIDGET LEGERRETTE'S OPPOSITION TO MOTION OF LAUREL HILL ESCROW SERVICES, INC., TO BE DISMISSED AND RELIEVED OF LIABILITY**<br><br>Hearing Date: January 25, 2008<br>Hearing Time: 10:30am |

I, AARON A. HAYES, declare as follows:

1. I am an attorney at law, licensed to practice before all courts of the State of California, and am one of the attorneys for defendants GEORGE PONCE, SR., and BRIDGET LEGERRETTE in this action. I make this declaration as to matters within my personal knowledge, and as to those matters based on information and belief, I believe them to be true. If called upon to testify as to these matters,

I could and would competently do so.

2. I am informed and believe, based upon my review of the Court's file in this action, that only four of fifteen defendants have filed responsive pleadings in this action: defendants GEORGE PONCE, SR., BRIDGET LEGERRETTE, COMMUNITY BANK, and IDEVELOPMENT, INC. To date, I am informed and believe that Plaintiff has not requested entry of default as to any defendant who has not filed a responsive pleading in this action.

3. In the initial stages of this litigation, I was told by Plaintiff's Counsel's office that my clients, defendants PONCE and LEGERRETTE, did not need to file Answers and that Plaintiff's Counsel would not seek entry of default as to PONCE or LEGERRETTE for failure to do so. Recognizing that it would constitute a violation of the Rules of Court for defendants PONCE or LEGERRETTE to not file responsive pleadings, I prepared Answers which were timely filed. I am informed and believe that Plaintiff's Counsel has informed other defendants that they need not file responsive pleadings, and that they can merely appear at the Case Management Conference in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 9th of January, 2008, at San Diego, California.

Aaron A. Hayes

- 2 -

DECLARATION OF AARON A. HAYES IN SUPPORT OF DEFENDANTS GEORGE PONCE, SR., AND BRIDGET LEGERRETTE'S OPPOSITION TO MOTION OF LAUREL HILL ESCROW SERVICES, INC., TO BE DISMISSED AND RELIEVED OF LIABILITY

| SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO -CENTRAL | | COURT USE ONLY |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Harvey C. Berger (SBN) 102973)<br>Aaron A. Hayes (SBN 236122)<br>**POPE, BERGER & WILLIAMS, LLP**<br>550 West "C" Street, Suite 1400<br>San Diego, California 92101 | TELEPHONE NO.:<br>(619) 595-1366<br>(619) 236-9677 - fax | |
| SHORT CASE TITLE<br>LAUREL HILL ESCROW SERVICES v. IDEVELOPMENT, INC., et al. | | ICJ: Hon. Patricia A. Y. Cowett<br>DEPT: 67 |
| ATTORNEYS FOR DEFENDANTS<br>GEORGE PONCE, SR.; and<br>BRIDGET LEGERRETTE | DATE/TIME/DEPT | CASE NUMBER<br>37-2007-00066921-CU-MC-CTL |

## DECLARATION OF SERVICE

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 550 West "C" Street, Suite 1400, San Diego, California 92101. On **January 10, 2008** I served the following document(s):

**DECLARATION OF AARON A. HAYES IN SUPPORT OF DEFENDANTS GEORGE PONCE, SR., AND BRIDGET LEGERRETTE'S OPPOSITION TO MOTION OF LAUREL HILL ESCROW SERVICES, INC., TO BE DISMISSED AND RELIEVED OF LIABILITY;**

**DEFENDANTS GEORGE PONCE, SR., AND BRIDGET LEGERRETTE'S OPPOSITION TO MOTION OF LAUREL HILL ESCROW SERVICES, INC., TO BE DISMISSED AND RELIEVED OF LIABILITY;**

by placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:

**SEE ATTACHED**

[ ] **BY MAIL** I sealed each envelope and, with the postage thereon fully prepaid, deposited each in our mail room in the ordinary course of business at San Diego, California, on **January 10, 2008.** I am familiar with the business practice of this office for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with the United States Postal Service the same day in the ordinary course of business.

[ X ] **BY OVERNITE EXPRESS** I deposited said documents in a box regularly maintained by Overnite Express located at 550 West C Street, San Diego, California 92101 in an envelope designated by Overnite Express with delivery fees paid for on **January 10, 2008** for next business day delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 10, 2008.**

Erika Munoz

***LAUREL HILL ESCROW SERVICES v. IDEVELOPMENT, INC., et al.***
***Case No. 37-2007-00066921-CU-MC-CTL***

Person(s) Served:

Donald Merkin, Esq.
Merkin & Associates
4747 Morena Boulevard, Suite 302
San Diego, CA 92117
858/454-3244
858/270-1420 - fax

*Attorneys for Plaintiff*
LAUREL HILL ESCROW SERVICES, INC.

Steve Lopez, Esq.
Geraci & Lopez
13355 Midland Road, Suite 140
Poway, CA 92064
619/231-3131
619/374-1911 - fax

*Attorneys for Defendants*
ADVANTAGE TOWING

Cynthia M. Jones, Esq.
Avatar Legal
12626 High Bluff Drive, Suite 360
San Diego, CA 92130
858/793-9800
858/793-9801 - fax

*Attorneys for Defendants*
IDEVELOPMENT, INC.

Mark L. Share, Esq.
De Castro, West, Chodorow, Glickfeld & Nass, Inc.
10960 Wilshire Blvd., 14th Floor
Los Angeles, CA 90024-3881
310/478-2541
310/473-0123 - fax

*Attorneys for Defendants*
COMMUNITY BANK

De CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
MARK L. SHARE (State Bar No. 149202)
10960 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024-3881
(310) 478-2541
Fax: (310) 473-0123

Attorney for Defendant
Community Bank

DE CA[illegible]O, WEST, CHODOROW, GLICKFELD & [illegible]S, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

LAUREL HILL ESCROW SERVICES, INC., a California corporation,

Plaintiff,

v.

IDEVELOPMENT, INC., a California corporation dba A & M Towing; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,

Defendants.

CASE NO. 37-2007-00066921-CU-MC-CTL
(Unlimited Civil Case)

**OPPOSITION TO THE MOTION OF PLAINTIFF TO BE DISMISSED AND RELEASED FROM LIABILITY; REQUEST FOR SETTING OF OSC RE PLAINTIFF'S FAILURE TO ENTER DEFAULTS AND FAILURE TO DEPOSIT ALL FUNDS WITH COURT**

[*Telephonic Appearance Requested*]

Date: January 25, 2008
Time: 10:30 a.m.
Dept: C-67
Judge: Hon. Patricia A.Y. Cowett

Defendant and Secured Creditor Community Bank ("Bank") hereby presents its Opposition to the Motion of Plaintiff Laurel Hill Escrow Services, Inc. ("Plaintiff") to be dismissed, released from liability and for the determination of attorneys' fees.

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

## I. INTRODUCTION

Bank wishes it could support this Motion, but Plaintiff's attorney has, unfortunately, willfully violated the Rules of Court by failing to enter defaults and bring this matter to issue, despite the passage of eight months since filing this lawsuit and incurring approximately $7,000 in attorneys' fees, more than $5,000 of which Plaintiff unilateral took from the funds in clear violation of the applicable law. Bank requests that the Court continue this hearing for 30 days and set an OSC why sanctions should not be imposed against Plaintiff for not entering the defaults of 11 named defendants Advantage Towing Company, Inc., Michael Branden, Re/Max, Jimmy Johnson's Kearny Mesa Chevrolet, Loma Riviera 76, NCO Financial Systems, Inc., The Hose Pros, Voit Commercial Brokerage, Welch's Tires, Inc. AT&T, and California Department of Motor Vehicles. Bank also requests that the Court set an Order to Show Cause ("OSC") as to why Plaintiff should not be required to deposit with the Court the $5,577.50 of the funds it wrongly took for itself.

## II. AN INTERLOCUTORY JUDGMENT REGARDING PLAINTIFF'S LIABILITY CANNOT BE ENTERED UNTIL THE NAMED DEFENDANTS HAVE ANSWERED OR BEEN DEFAULTED

In the first stage of an interpleader action, which is the subject of Plaintiff's pending motion, the Court determines whether the interpleading party is entitled to maintain an action in interpleader and enters an interlocutory judgment requiring the adverse claimants to litigate their claims among themselves. (*Great-West Life Assur. Co. v. Superior Court* (1969) 271 Cal. App. 2d 124, 126-127; *Dial 800 v. Fesbinder* (2004) 118 Cal. App. 4th 32, 42-43.)

Unfortunately, no interlocutory judgment can be entered because Plaintiff's attorney, Donald Merkin, as he told the undersigned and the attorneys for George Ponce, Sr. Bridget Legerette and iDevelopment, Inc., gave indefinite open extensions to all the named defendants, so that the case is not at issue. Merkin stated that he wanted the defendants to not have to pay filing fees to the Court, and acknowledged that his actions were contrary to the Rules of Court. Yet,

Merkin inexplicably set this matter for hearing knowing that several defendants had not appeared or had their defaults entered.

San Diego Superior Court Rule 2.1.7 states that "the plaintiff must request entry of default forthwith" after the expiration of the statutory time to answer. Rule 2.1.10 states that cases are only "'at issue' when all parties are before the court and challenges to pleadings are complete, or the deadlines set by the court fo the completion of these events have passed." The Plaintiff must prepare and serve Requests for Entry of default as to the non-answering defendants, who are everyone except the Bank, George Ponce, Sr., Bridget Legerrette, and iDevelopment, Inc.

The Bank has no personal knowledge as to whether or not the other defendants have been served, although Plaintiff provides a conclusory declaration of "Alice Starr" that says they have.

Therefore, the Bank requests that this hearing and the simultaneously scheduled Case Management Conference ("CMC") be continued 30 days and an Order to Show Cause as to why it has not entered the defaults of all named defendants set for hearing at the same time, and authorize the appearing defendants to seek sanctions, as an offset to Plaintiffs' request for attorneys' fees, for the defendants fees in appearing at and responding to this first, belated (after eight months), and yet premature motion as defendants have not been defaulted.

## III. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS MISLEADING, IMPROPER, PREMATURE, AND EXCESSIVE

As a matter of law, no plaintiff in an interlocutory decree action is entitled to its attorneys' fees; the award of such fees from the amount deposited is always discretionary with the Court. (Code Civ. Proc. § 386.6(a).) Any fees awarded effectively give the Plaintiff a priority as to the funds deposited with the Court and reduce funds available to other creditors, no matter how deserving. A plaintiff who has not completed all of the steps in Section 386 should not be considered for discretionary fees; and this Plaintiff wrongfully did not complete the step of depositing ALL the funds it was holding.

What Plaintiff did, apparently out of fear that the Court would not award it all of the fees it would request, was take $5,577.50 from the fund *before* depositing it with the Court. This

DE CA[illegible]O, WEST, CHODOROW, GLICKFELD & [illegible]SS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

impropriety is not disclosed in Plaintiff's Motion; it is admitted in the First Amended Complaint at paragraphs 7 and 8. Because Plaintiff did not deposit all of the funds into the Court, it has not met the condition for being considered for discretionary fees. (Code Civ. Proc. § 386.6(a); *Phillips v. Barton* (1962) 207 Cal. App. 2d 488, 495.)

The Bank requests that the Court set an Order to Show Cause why Plaintiff should not deposit the $5,577.50 into the Court with the remainder of the funds to be available to all creditors.

Furthermore, Plaintiff has dragged on this initial stage of the proceedings for eight months since it filed the lawsuit, accomplishing nothing but delay, and without bringing the case to issue. Merkin provides a Declaration of lay person Maxine Beye, and has her claim her stroke, as opposed to Merkin's inaction caused the delay, but Beye's declaration, which has no substance, adds nothing to this hearing and did not need to be filed let alone cause a delay in this proceeding.

The Bank suggests that the proper award of fees is substantially less than approximately $7,000, and moreover, that Plaintiff should seek payment as a general creditor in the proceedings, sharing in the pot rather than being paid first. Although at the time of the interlocutory judgment the amount of Plaintiff's fees are determined, the Court may postpone until the final judgment a determination of the source of payment of those fees. (*Great-West Life, supra,* 271 Cal. App. 2d at p. 128.)

## IV. CONCLUSION

The Bank respectfully requests that the Court continue this hearing and the CMC for 30 days and issue an Order to Show Cause directing Plaintiff to show cause why it should not be sanctioned for having failed to timely enter the defaults of defendants, and why it should not deposit the remaining $5,577.50 into the Court.

Dated: January 11, 2008

De CASTRO, WEST, CHODOROW,
GLICKFELD & NASS, INC.

By: [signature]
Mark L. Share
Attorneys for Defendant
Community Bank

M:\FirmDocs\MLS\Community Bank\A&M Towing\Motions\Opposition to Escrow Motion.rev2.wpd

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
FEB 15 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**I. (a) PLAINTIFFS**

Laurel Hill Escrow Services, Inc., a California Corporation

**DEFENDANTS**

ID Development, Inc., et al.

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 619-557-7140
Tom Stahl, Assistant U.S. Attorney; Chief, Civil Division, Office of the U.S. Attorney, 880 Front Street, Rm 6293, San Diego, CA 92101

Attorneys (If Known) '08 CV 0301 H JMA
Donald Merkin, Esq., Merkin & Associates
4747 Morena Boulevard, Suite 302, San Diego, CA 92117

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT: ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

TORTS — PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

CIVIL RIGHTS: ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 444 Welfare; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence; Habeas Corpus: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

FORFEITURE/PENALTY: ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt.Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☒ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES: ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/ Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. Sections 1441, 1442 and 1446

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 02/15/2008

SIGNATURE OF ATTORNEY OF RECORD [signature] Tom Stahl, Chief, Civil Division U.S. Attorneys Office

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE