1 │ Hugh A. McCabe, SBN 131828
  │ David P. Hall, SBN 196891
2 │ Alan B. Graves, SBN 243076
  │ NEIL, DYMOTT, FRANK,
3 │     MCFALL & TREXLER
  │ A Professional Law Corporation
4 │ 1010 Second Avenue, Suite 2500
  │ San Diego, CA 92101-4959
5 │ P 619.238.1712
  │ F 619.238.1562
6 │
  │ Attorneys for Creditor
7 │ NEIL, DYMOTT, FRANK, MCFALL &
  │ TREXLER, APLC
8 │

9 │         **SUPERIOR COURT, STATE OF CALIFORNIA**

10 │      **FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION**

11 │ LAUREL HILL ESCROW SERVICES,        ) CASE NO. 37-2007-00066921-CU-MC-CTL
   │ INC., a California corporation,      )
12 │                                      ) **[AMENDED] NOTICE OF LIEN**
   │                Plaintiff,            )
13 │                                      ) Filed:      May 22, 2007
   │ vs.                                  ) Judge:      Hon. Patricia A. Y. Cowett
14 │                                      ) Dept:       67
   │ IDEVELOPMENT, INC., a California     ) Trial Date: None
15 │ corporation; ADVANTAGE TOWING        )
   │ COMPANY INC., a California           )
16 │ corporation; MICHAEL BRANDEN, an     )
   │ individual; RE/MAX; COMMUNITY        )
17 │ BANK; JIMMY JOHNSON'S KEARNY         )
   │ MESA CHEVROLET; LOMA RIVIERA         )
18 │ 76; NCO FINANCIAL SYSTEMS, INC.;     )
   │ BRIDGET LEGERRETTE; GEORGE           )
19 │ PONCE; THE HOSE PROS; VOIT           )
   │ COMMERCIAL BROKERAGE;                )
20 │ WELCH'S TIRES, INC.; and AT&T; and   )
   │ CALIFORNIA DEPARTMENT OF             )
21 │ MOTOR VEHICLES,                      )
   │                                      )
22 │                Defendants.           )
   │                                      )
23 │ ─────────────────────────────────────)

24 │        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, AND TO ALL OTHER

25 │ PERSONS OR ENTITIES INTERESTED IN THIS ACTION:

26 │        **PLEASE TAKE NOTICE THAT** the undersigned law firm is the attorney of record herein

27 │ for Defendant, IDEVELOPMENT, INC, a California corporation; in another civil lawsuit (*San*

28 │

─────────────────────────────────────────────
                          1

1   *Diego Superior Court Case No. GIC 872127*) where a judgment has been entered.  Please note the

2   undersigned law firm does not represent IDEVELOPMENT, INC. in this interpleader action.

3        **PLEASE TAKE FURTHER NOTICE THAT** by virtue of a written fee agreement with

4   said party, the undersigned law firm has, and claims a lien ahead of all others on the said party's

5   claims and causes of action asserted herein, and on any judgment rendered in favor of said party, to

6   secure payment for legal services rendered in the amount of $17,275.50 and costs advanced in the

7   amount of $1,597.89, all in accordance with the terms of the fee agreement aforesaid.

8   Dated:    July 11, 2007          NEIL, DYMOTT, FRANK,
    MCFALL & TREXLER

9                 A Professional Law Corporation

11       By:     _Alan Graves_

12             Hugh A. McCabe
    David P. Hall

13             Alan B. Graves
    Attorneys for Creditor

14             NEIL, DYMOTT, FRANK, MCFALL &
    TREXLER, APLC

[AMENDED] NOTICE OF LIEN

1  Harvey C. Berger (SBN 102973)
   Aaron A. Hayes (SBN 236122)
2  **POPE, BERGER & WILLIAMS, LLP**
   550 West "C" Street, Suite 1400
3  San Diego, California 92101
   Telephone: (619) 595-1366
4  Facsimile: (619) 236-9677

5  Attorneys for Defendants
   GEORGE PONCE, SR.,
6  BRIDGET LEGERRETTE

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **COUNTY OF SAN DIEGO - CENTRAL JUDICIAL BRANCH**

10
   LAUREL HILL ESCROW SERVICES,        )    Case No. 37-2007-00066921-CU-MC-CTL
11 INC., a California corporation,      )
                                        )    Judge: Hon. Patricia A.Y. Cowett
12        Plaintiff,                    )    Dept: C-67
                                        )
13 vs.                                  )
                                        )
14 IDEVELOPMENT, INC., a California     )    **ANSWER OF DEFENDANT**
   corporation dba A&M TOWING;          )    **GEORGE PONCE**
15 ADVANTAGE TOWING COMPANY, INC., )
   a California corporation; MICHAEL    )
16 BRANDEN, an individual; RE/MAX;      )
   COMMUNITY BANK; JIMMY                )
17 JOHNSON'S KEARNY MESA                )
   CHEVROLET; LOMA RIVIERA 76; NCO      )
18 FINANCIAL SYSTEMS, INC.; BRIGET      )
   LEGERRETTE; GEORGE PONCE; THE        )
19 HOSE PROS; VOIT COMMERCIAL           )
   BROKERAGE; WELCH'S TIRES, INC.;      )
20 AT&T; and CALIFORNIA DEPARTMENT      )
   OF MOTOR VEHICLES,                   )
21                                      )
          Defendants.                   )
22 _____      )

23

24        NOW COMES Defendant GEORGE PONCE ("PONCE") and herein answers Plaintiff's

25 Verified Complaint, as follows:

26                              <u>**ANSWER**</u>

27        1.     PONCE admits the allegations set forth in paragraph 1 of the Complaint.

28        2.     PONCE lacks sufficient knowledge as to the allegations, regarding the claims of others,

                                    - 1 -

1  contained in paragraph 2 of the Complaint, and therefore <u>denies</u> these allegations. As to PONCE's

2  claim, denoted in the Complaint as "Pope, Berger & Williams, LLP, as attorneys for Bridget Legerrette

3  and George Ponce," PONCE <u>denies</u> that the sum owed to him, jointly with Defendant BRIDGET

4  LEGERRETTE, is $38,012.40, and is actually $38,054.45, pursuant to the judgment attached hereto as

5  Exhibit 1, as well as 205.37 as costs, pursuant to the Memorandum of Costs attached hereto as Exhibit

6  2, and subject to increase upon the court's ruling on a pending motion for attorney's fees, in the

7  underlying action from which this claim arises.

8      3.      PONCE is unable to admit or deny the allegations set forth in paragraph 3.

9      4.      PONCE is unable to admit or deny the allegations set forth in paragraph 4.

10     5.      PONCE is unable to admit or deny the allegations set forth in paragraph 5.

11     6.      PONCE is unable to admit or deny the allegations set forth in paragraph 6.

12     7.      PONCE is unable to admit or deny the allegations set forth in paragraph 7.

13     8.      PONCE is unable to admit or deny the allegations set forth in paragraph 8.

14     9.      PONCE admits the allegations of paragraph 9.

15  ///

16  ## DEFENDANT'S CLAIM TO FUNDS HELD IN INTERPLEADER

17     10.     On July 18, 2007, Judgment was entered in favor of GEORGE PONCE and BRIDGET

18  LEGERRETTE against IDEVELOPMENT, INC., d/b/a A&M TOWING.  A true and correct copy of

19  that Judgment is attached hereto as Exhibit 1, and provides that GEORGE PONCE and BRIDGET

20  LEGERRETTE shall recover from IDEVELOPMENT, INC., d/b/a A&M TOWING the sum of

21  $38,054.45, as well as attorney's fees and costs.  Thereafter, GEORGE PONCE and BRIDGET

22  LEGERRETTE filed a Memorandum of Costs, a true and correct copy of which is attached hereto as

23  Exhibit 2, claiming $205.37 in costs, with attorney's fees to be determined by the Hon. Yuri Hoffman,

24  in Department 60 of this Court,  pursuant to a pending noticed motion.

25     11.     Accordingly, the claim of GEORGE PONCE and BRIDGET LEGERRETTE to the

26  funds presently held in interpleader, and the subject of this action, is at least $38,259.82, subject to

27  increase upon the Court's ruling on the pending motion for attorney's fees brought by GEORGE

28  PONCE and BRIDGET LEGERRETTE.

- 2 -

ANSWER OF DEFENDANT GEORGE PONCE

1    12.    The funds held in interpleader represent the only known and remaining assets of

2  IDEVELOPMENT, INC., d/b/a A&M TOWING, and accordingly, the sums owed to GEORGE PONCE

3  and BRIDGET LEGERRETTE are owed out of the funds held in interpleader.

4  ///

5                                         **PRAYER**

6        WHEREFORE, this answering Defendant prays for Judgment in this action as follows:

7        1.    That the entire claim owed to this answering Defendant be paid from the funds held in

8  interpleader by this Court;

9        2.    For attorney's fees and costs incurred in this action by this answering Defendant;

10       3.    For any other relief as the Court may deem necessary or proper.

11

12  Respectfully Submitted,                          POPE, BERGER AND WILLIAMS, LLP

13

14  __8/29/07__                                      _____
    Date                                            Harley C. Berger
15                                                   Aaron A. Hayes
                                                    Attorneys for Defendant
16  ///

17                                    **VERIFICATION**

18

19  I, George Ponce Sr, am a defendant in the above-entitled action.  I have read the

20  foregoing Answer and know the contents thereof.  This Answer and its contents are true and of my

21  personal knowledge, except as to those matters based on information and belief, and as to those such

22  matters, I believe them to be true.

23        I declare under penalty of perjury under the laws of the State of California that the foregoing is

24  true and correct.

25        Executed this  29  of August, 2007, at San Diego, California.

26

27                                                   _____

28

                                         - 3 -

                     ANSWER OF DEFENDANT GEORGE PONCE

F I L E D
Clerk of the Superior Court

JUL 1 8 2007

BY: S. SEEMATTER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

CENTRAL JUDICIAL BRANCH

| | |
|---|---|
| GEORGE PONCE, SR., and BRIDGET LEGERRETTE, <br><br> Plaintiffs, <br><br> vs. <br><br> A&M TOWING, INC., a business entity, form unknown; IDEVELOPMENT, INC., a Nevada Corporation, dba A&M TOWING; and DOES 1 - 25, inclusive, <br><br> Defendants. | Case No. GIC872127 <br><br> Judge: Hon. Yuri Hofmann <br> Dept.: Hall of Justice, Department 60 <br><br> [PROPOSED] JUDGMENT |

On June 29, 2007, the Court entered its Order granting Plaintiffs' Motion for Enforcement of Settlement Agreement, and directed that Judgment be entered in favor of Plaintiffs GEORGE PONCE, SR., and BRIDGET LEGERRETTE, and against Defendant IDEVELOPMENT, INC., a Nevada corporation, doing business as A&M TOWING.

In accordance with the Court's Order of June 29, 2007, judgment is now entered in favor of Plaintiffs GEORGE PONCE, SR., and BRIDGET LEGERRETTE and against Defendant IDEVELOPMENT, INC., a Nevada corporation, doing business as A&M TOWING in the total amount of THIRTY-EIGHT THOUSAND FIFTY-FOUR DOLLARS AND FORTY-FIVE CENTS ($38,054.45), consisting of the sum of THIRTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS which remains owing under the Settlement Agreement, and interest thereon of FIVE HUNDRED AND

- 1 -

1  FIFTY FOUR DOLLARS AND FORTY-FIVE CENTS, as provided for by the Settlement Agreement.

2  Plaintiffs shall recover attorney's fees and costs, provided for by the terms of the Settlement Agreement

3  between the parties, pursuant to a post-judgment motion which shall be brought, pursuant to the Court's

4  Order of June 29, 2007.

5      IT IS SO ORDERED.                                    **YURI HOFMANN**

6          JUL 1 8 2007                        JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

*[Proposed] Judgment*

MC-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
Harvey C. Berger (SBN 102973) / Aaron A. Hayes (SBN 236122)
Pope, Berger and Williams, LLP
550 W. C Street, Suite 1400
San Diego, California 92101
TELEPHONE NO.: 619-595-1366     FAX NO.: 619-236-9677

ATTORNEY FOR *(Name):* Plaintiffs

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

AUG 0 3 2007

BY: S. SEEMATTER

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
Superior Court of California, San Diego County-Central Judicial Branch

PLAINTIFF: George Ponce and Bridget Legerrette

DEFENDANT: IDevelopment, Inc. d/b/a A&M Towing

| | |
|---|---|
| **MEMORANDUM OF COSTS (SUMMARY)** | CASE NUMBER: GIC872127 |

The following costs are requested:

| | | TOTALS |
|---|---|---|
| 1. Filing and motion fees | 1. $ | 80.00 |
| 2. Jury fees | 2. $ | 0.0 |
| 3. Jury food and lodging | 3. $ | 0.0 |
| 4. Deposition costs | 4. $ | 0.0 |
| 5. Service of process | 5. $ | 0.0 |
| 6. Attachment expenses | 6. $ | 0.0 |
| 7. Surety bond premiums | 7. $ | 0.0 |
| 8. Witness fees | 8. $ | 0.0 |
| 9. Court-ordered transcripts | 9. $ | 0.0 |
| 10. Attorney fees *(enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required)* | 10. $ | By Motion |
| 11. Models, blowups, and photocopies of exhibits | 11. $ | 0.0 |
| 12. Court reporter fees as established by statute | 12. $ | 0.0 |
| 13. Other | 13. $ | 125.37 |
| **TOTAL COSTS** | $ | 205.37 |

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date:

Aaron A. Hayes
(TYPE OR PRINT NAME)

► _____
(SIGNATURE)

(Proof of service on reverse)

Form Approved for Optional Use
Judicial Council of California
MC-010 [Rev. July 1, 1999]

**MEMORANDUM OF COSTS (SUMMARY)**

Code of Civil Procedure,
§§ 1032, 1033.5

American LegalNet, Inc.
www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ponce, et. al v. A&M Towing, et. al | GIC872127 |

PROOF OF ☐ MAILING ☐ PERSONAL DELIVERY

1. At the time of mailing or personal delivery, I was at least 18 years of age and **not a party** to this legal action.
2. My residence or business address is *(specify)*:

3. I mailed or personally delivered a copy of the *Memorandum of Costs (Summary)* as follows *(complete either a or b)*:
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:

         (c) Date of mailing:
         (d) Place of mailing *(city and state)*:

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

. . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME)                                          (SIGNATURE OF DECLARANT)

MC-011

| SHORT TITLE: Ponce, et al. v. A&M Towing, et al. | CASE NUMBER: GIC872127 |
|---|---|

## MEMORANDUM OF COSTS (WORKSHEET)

1. **Filing and motion fees**

   Paper filed                                                    Filing fee

   a. Ex Parte Application _____      $ 40.00 _____

   b. Motion for Enforcement of Settlement Agrmnt ____  $ 40.00 _____

   c. _____     $ _____

   d. _____     $ _____

   e. _____     $ _____

   f. _____     $ _____

   g. ☐ Information about additional filing and motion fees is contained in Attachment 1g.

   TOTAL    1.  $ 80.00

2. **Jury fees**

   Date                          Fee & mileage

   a. _____    $ _____

   b. _____    $ _____

   c. _____    $ _____

   d. _____    $ _____

   e. ☐ Information about additional jury fees is contained in Attachment 2e.

   TOTAL    2.  $

3. **Juror food:** $ _____    **and lodging:** $ _____

   TOTAL    3.  $

4. **Deposition costs**

| Name of deponent | Taking | Transcribing | Travel | Video-taping | Subtotals |
|---|---|---|---|---|---|
| a. _____ | $ _____ | $ _____ | $ _____ | $ _____ | $ _____ |
| b. _____ | $ _____ | $ _____ | $ _____ | $ _____ | $ _____ |
| c. _____ | $ _____ | $ _____ | $ _____ | $ _____ | $ _____ |
| d. _____ | $ _____ | $ _____ | $ _____ | $ _____ | $ _____ |

   e. ☐ Information about additional deposition costs is contained in Attachment 4e.

   TOTAL    4.  $

Form Approved for Optional Use
Judicial Council of California
MC-011 [Rev. July 1, 1999]

Code of Civil Procedure,
§§ 1032, 1033.5

American LegalNet, Inc.
www.USCourtForms.com

SHORT TITLE: Ponce, et al. v. A&M Towing, et al.

CASE NUMBER: GIC872127

## MEMORANDUM OF COSTS (WORKSHEET) *(Continued)*

8. b. **Expert fees** *(per Code of Civil Procedure section 998)*

Name of witness                     Fee

(1) _____  _____ hours at $ _____ /hr  . . .  $ _____

(2) _____  _____ hours at $ _____ /hr  . . .  $ _____

(3) _____  _____ hours at $ _____ /hr  . . .  $ _____

(4) _____  _____ hours at $ _____ /hr  . . .  $ _____

(5) ☐ Information about additional expert witness fees is contained in Attachment 8b(5).

SUBTOTAL 8b. $ _____

c. **Court-ordered expert fees**

Name of witness                     Fee

(1) _____  _____ hours at $ _____ /hr  . . .  $ _____

(2) _____  _____ hours at $ _____ /hr  . . .  $ _____

(3) ☐ Information about additional court-ordered expert witness fees is contained in Attachment 8c(3).

SUBTOTAL 8c. $ _____

TOTAL (8a, 8b, & 8c)  8. $ _____

9. **Court-ordered transcripts** *(specify):* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9. $ _____

0. **Attorney fees** *(enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required):* . . . . . . . . . . . . . . . . . . 10. $ By Motion

11. **Models, blowups, and photocopies of exhibits** *(specify):* . . . . . . . . . . . . . . . . . . . . 11. $ _____

12. **Court reporter fees** *(as established by statute)*

a. *(Name of reporter):* _____  Fees: $ _____

b. *(Name of reporter):* _____  Fees: $ _____

c. ☐ Information about additional court reporter fees is contained in Attachment 12c.

TOTAL 12. $ _____

13. **Other** *(specify):* Overnite Mail Charges for Service of Papers. . . . . . . . . . . . . 13. $ 125.37

**TOTAL COSTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 205.37

*(Additional information may be supplied on the reverse)*    Page __3__ of __4__

MC-011 [Rev. July 1, 1999]    **MEMORANDUM OF COSTS (WORKSHEET)**

| | COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF THE STATE OF CALIFORNIA**<br>**IN AND FOR THE COUNTY OF SAN DIEGO -CENTRAL** | |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: |
|---|---|
| Harvey C. Berger (SBN) 102973)<br>Aaron A. Hayes (SBN 236122)<br>**POPE, BERGER & WILLIAMS, LLP**<br>550 West "C" Street, Suite 1400<br>San Diego, California 92101 | (619) 595-1366<br>(619) 236-9677 - fax |

| SHORT CASE TITLE | ICJ: Hon. Patricia A. Y. Cowett |
|---|---|
| LAUREL HILL ESCROW SERVICES v. IDEVELOPMENT, INC., et al. | DEPT: 67 |

| ATTORNEYS FOR DEFENDANTS<br>GEORGE PONCE, SR.; and<br>BRIDGET LEGERRETTE | DATE/TIME/DEPT | CASE NUMBER<br>37-2007-00066921-CU-MC-CTL |
|---|---|---|

### DECLARATION OF SERVICE

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 550 West "C" Street, Suite 1400, San Diego, California 92101. On **August 30, 2007** I served the following document(s):

### ANSWER OF DEFENDANT GEORGE PONCE;

by placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:

### SEE ATTACHED

[ X ]   **BY MAIL** I sealed each envelope and, with the postage thereon fully prepaid, deposited each in our mail room in the ordinary course of business at San Diego, California, on **August 30, 2007.** I am familiar with the business practice of this office for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with the United States Postal Service the same day in the ordinary course of business.

[ ]   **BY OVERNITE EXPRESS** I deposited said documents in a box regularly maintained by Overnite Express located at 550 West C Street, San Diego, California 92101 in an envelope designated by Overnite Express with delivery fees paid for on **August 30, 2007** for next business day delivery.

[ ]   **BY FAX** In addition to service by mail, the counsel by whose name an asterisk (*) is placed, were forwarded a copy of said document(s) by facsimile transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 30, 2007**.

_____
Erika Munoz

*LAUREL HILL ESCROW SERVICES v. IDEVELOPMENT, INC., et al.*
*Case No. 37-2007-00066921-CU-MC-CTL*

Person(s) Served:

| | |
|---|---|
| Donald Merkin, Esq. | *Attorneys for Plaintiff* |
| Merkin & Associates | LAUREL HILL ESCROW SERVICES, INC. |
| 4747 Morena Boulevard, Suite 302 | |
| San Diego, CA 92117 | |
| 858/454-3244 | |
| 858/270-1420 - fax | |

Steve Lopez, Esq.                          *Attorneys for Defendants*
Geraci & Lopez                             ADVANTAGE TOWING
13355 Midland Road, Suite 140
Poway, CA 92064
619/231-3131
9/374-1911 - fax

Cynthia M. Jones, Esq.                     *Attorneys for Defendants*
Avatar Legal                               IDEVELOPMENT, INC.
12626 High Bluff Drive, Suite 360
San Diego, CA 92130
858/793-9800
858/793-9801 - fax

Mark L. Share, Esq.                        *Attorneys for Defendants*
 Castro, West, Chodorow, Glickfeld & Nass, Inc.   COMMUNITY BANK
10960 Wilshire Blvd., 14th Floor
Los Angeles, CA 90024-3881
310/478-2541
310/473-0123 - fax

Hugh A. McCabe, Esq.                       *Attorneys for Defendants*
Neil, Dymott, Frank, McFall & Trexler      NEIL, DYMOTT, FRANK, MCFALL & TREXLER
1010 Second Avenue., Suite 2500            (re: Lien for fees)
San Diego, CA 92101-4959
619/238-1712
619/238-1562 - fax

1   Jason L. Jones SB# 246910
    Cynthia M. Jones SB # 226958
2   AVATAR LEGAL
    12626 High Bluff Drive
3   Suite 360
    San Diego, CA 92130
4   Tel: (858) 793-9800
    Fax: (858) 793-9801
5
6   Attorney for IDevelopment, Inc.

7

8              SUPERIOR COURT OF CALIFORNIA
                  COUNTY OF SAN DIEGO
9

10  LAUREL HILL ESCROW SERVICES,   ) Case No.:
    INC., a California corporation, ) 37-2007-00066921-CU-MC-CTL
11                                  )
           Plaintiff,               ) ANSWER BY DEFENDANT
12                                  ) IDEVELOPMENT, INC.
           vs.                      )
13                                  )
    IDEVELOPMENT, INC., a           )
14  California corporation, et al., )
                                    )
15         Defendants               )

16  Insert

17  Defendant IDevelopment, Inc. (hereinafter IDevelopment) answers

18  the complaint herein as follows:

19  1.   IDevelopment admits each and every allegation set forth in

20  Paragraphs 1 and 8 of the complaint herein, and, in particular,

21  the allegation that Plaintiff has no interest in the sum of

22  $257,645.00 as alleged in Paragraph 8.

23  2.   IDevelopment lacks information and belief as to all other

24  paragraphs in the complaint, and on that basis denies each and

25  every allegation not expressly admitted in Paragraph 1 of this

26  answer.

27  3.   On or about April 24, 2007, IDevelopment entered into a

28  written agreement to sell its business known as A & M Towing,

---

Answer                          - 1 -        37-2007-00066921-CU-MC-CTL

1    San Diego to Advantage Towing by Aymen Arakat ("Advantage").    A

2    copy of the purchase and sale agreement (the "Contract") is

3    attached hereto as Exhibit A and incorporated herein by

4    reference.

5    4.    The purchase price for the business under the Contract is

6    $226,145.00.    IDevelopment is informed and believes and on that

7    basis alleges that this is equal to or greater than the fair

8    market value of the assets sold.

9    5.    Pursuant to the Contract, Advantage deposited a total of

10   $257,645.00 with Plaintiff.    $226,145.00 was deposited as the

11   purchase price for the business pursuant to Paragraph 2A of the

12   Contract (the "Purchase Price").    $31,500.00 was deposited as a

13   commission for Defendant Michael Branden ("Branden"), the sales

14   agent, pursuant to Paragraph 40 of the Contract which states

15   that Advantage would pay the commission by depositing this money

16   in escrow.

17   6.    On March 19, 2007, IDevelopment turned over possession of

18   all property listed as part of the sale in the Contract (the

19   "Property") to Advantage.    IDevelopment is informed and believes

20   and thereon alleges that Advantage has used the Property for

21   Advantage's business since that date.    IDevelopment is informed

22   and believes and thereon alleges that debts secured by liens on

23   the property (except for those of Community Bank) have been

24   assumed by Advantage and that Advantage is current on these

25   debts.    IDevelopment is working with Advantage to transfer title

26   to the property.

27   7.    IDevelopment is informed and believes and thereon alleges

28   that Advantage notified the other defendants to this suit of the

Answer                          - 2 -          37-2007-00066921-CU-MC-CTL

1  sale and encouraged these defendants to submit claims to

2  plaintiff although escrow had not yet been opened and without

3  following the procedure set forth by California's bulk sale

4  statute.

5  8.    IDevelopment is insolvent and no longer doing business.

6  IDevelopment does not object to the proceeds of the asset sale

7  being distributed to its creditors according to California

8  Commercial Code Section 6106.4(b).   IDevelopment denies that

9  Advantage has any claim on the Purchase Price because Advantage

10  has already received the Property and IDevelopment stands ready

11  and willing to transfer title so long as the Purchase Price is

12  distributed to IDevelopment's creditors and not to Advantage.

13  9.    According to IDevelopment's records, the amounts owed to

14  claimants in Paragraph 2 of Plaintiff's complaint are as follows

15  (bolded where amounts differ from the First Amended Complaint):

| | |
|---|---:|
| Community Bank | $208,812.73 |
| **Jimmy Johnson's Kearny Mesa Chevrolet** | **$0.00** |
| Loma Riviera 76 | $11,160.82 |
| **NCO Financial Systems, Inc.** | **$0.00** |
| Pope, Berger & Williams, LLP (as attorneys for Bridget Legerrette and George Ponce) | $37,500.00 |
| **The Hose Pros** | **$171.45** |
| **Voit Commercial Brokerage** | **$0.00** |
| **Welch's Tires, Inc.** | **$2,761.51** |
| Michael Branden/Re/Max | $31,500.00 |
| AT&T | $485.05 |
| **Calif. Dept. of Motor Vehicles** | $0.00 |
| Total: | $292,391.56 |

24  Pursuant to Paragraph 40 of the Contract, Advantage Towing

25  agreed to pay Jimmy Johnson's Kearny Mesa Chevrolet in addition

26  to the purchase price.   IDevelopment is not aware of any amount

27  owed to NCO Financial Systems, Inc. or Voit Commercial

28  Brokerage; if these companies actually stand in the place of

1  other creditors, IDevelopment has no knowledge regarding whom

2  these companies represent or the amounts owing.  The debts to

3  The Hose Pros and Welch's Tires, Inc. are incorrect. Michael

4  Branden was to be paid as set forth in Paragraph 5.  Advantage

5  Towing is responsible for the California Department of Motor

6  Vehicle fees as the purchase price of the business was reduced

7  to account for these fees.

8

9  WHEREFORE, this answering Defendant prays judgment as follows:

10  1.    That the money in question be awarded to IDevelopment's

11  creditors pursuant to California Commercial Code Section

12  6106.4(b).

13  2.    That no money be released to Defendant Advantage Towing.

14  3.    For such other and further relief as the court may deem

15  proper.

16

17  Dated: August 14, 2007                    AVATAR LEGAL

18

19

20  BY: _____
                    Jason L. Jones
21                    Attorney for Defendant
                    IDevelopment, Inc.

22

23

24                          VERIFICATION

25  I, Shireen Yacoubian, am Treasurer of the Defendant,

26  IDevelopment, Inc., in the above-entitled action.  I have read

27  the foregoing answer and know the contents thereof.  The same is

28  true of my own knowledge, except as to those matters which are

Answer

1 | therein alleged on information and belief, and as to those

2 | matters, I believe it to be true.

3 | I declare under penalty of perjury under the laws of the State

4 | of California that the foregoing is true and correct.

5 | Dated: August 13, 2007          IDevelopment, Inc.

6

7

8 | BY: _____

9 |          Shireen Yacoubian,
   |          Treasurer

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2      I am over the age of 18 years, and not a party to this action.  My business address is
3  12626 High Bluff Drive, Suite 360, San Diego, California 92130, which is located in the county
   where service described below took place. I am readily familiar with the business practice at my
4  place of business for collection and processing of correspondence for mailing.

5      On **August 14, 2007** I served the forgoing document described as:

6          **Answer by Defendant IDevelopment, Inc.**

7  by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8          Donald Merkin
9          Merkin & Associates
           4747 Morena Blvd., Suite 302
10         San Diego, CA 92117

11         Alan B. Graves
           NEIL, DYMOTT, FRANK, MCFALL & TREXLER
12         1010 Second Avenue, Suite 2500
13         San Diego, CA 92101-4959

14         This document was sent via:

15 [X] **US MAIL** - Correspondence so collected and processed is deposited with the United States Postal Service
                    that same day in the ordinary course of business in San Diego County with first class postage fully
16                  paid.

17 [ ] **MESSENGER SERVICE** – Correspondence so processed is deposited in a facility regularly maintained
                    by an express service carrier, or delivered to a courier or driver authorized to receive document by said
18                  carrier.

19 [ ] **PERSONAL DELIVERY** – Correspondence so processed is delivered in person to the person's address
                    listed above.

20 [ ] **FACSIMILE** – Correspondence so delivered is transmitted from a facsimile machine whose telephone
                    number is (858) 793-9801.  The transmission was reported as complete without error by a transmission
21                  report issued by said machine immediately following the transmission.

22     I certify and declare under penalty of perjury under the laws of the State of California that
   the foregoing is true and correct.
23

24     Executed on **August 14, 2007** at San Diego, California.

25                                    By: _____
26                                         Cynthia M. Jones

27

28

1 | Harvey C. Berger (SBN 102973)
Aaron A. Hayes (SBN 236122)
2 | **POPE, BERGER & WILLIAMS, LLP**
550 West "C" Street, Suite 1400
3 | San Diego, California 92101
Telephone: (619) 595-1366
4 | Facsimile: (619) 236-9677

5 | Attorneys for Defendants
GEORGE PONCE, SR.,
6 | BRIDGET LEGERRETTE

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF SAN DIEGO - CENTRAL JUDICIAL BRANCH**

10 | LAUREL HILL ESCROW SERVICES,          ) Case No. 37-2007-00066921-CU-MC-CTL
11 | INC., a California corporation,               )
                                                                   ) Judge: Hon. Patricia A.Y. Cowett
12 |          Plaintiff,                                     ) Dept: C-67
                                                                   )
13 | vs.                                                        )
                                                                   )
14 | IDEVELOPMENT, INC., a California        ) **ANSWER OF DEFENDANT**
corporation dba A&M TOWING;             ) **BRIDGET LEGERRETTE**
15 | ADVANTAGE TOWING COMPANY, INC., )
a California corporation; MICHAEL            )
16 | BRANDEN, an individual; RE/MAX;        )
COMMUNITY BANK; JIMMY                     )
17 | JOHNSON'S KEARNY MESA                    )
CHEVROLET; LOMA RIVIERA 76; NCO )
18 | FINANCIAL SYSTEMS, INC.; BRIGET     )
LEGERRETTE; GEORGE PONCE; THE     )
19 | HOSE PROS; VOIT COMMERCIAL          )
BROKERAGE; WELCH'S TIRES, INC.;      )
20 | AT&T; and CALIFORNIA DEPARTMENT )
OF MOTOR VEHICLES,                             )
21 |                                                                )
          Defendants.                                      )
22 |

23

24 |          NOW COMES Defendant BRIDGET LEGERRETTE ("LEGERRETTE") and herein answers

25 | Plaintiff's Verified Complaint, as follows:

26 | <u>ANSWER</u>

27 |          1.      LEGERRETTE admits the allegations set forth in paragraph 1 of the Complaint.

28 |          2.      LEGERRETTE lacks sufficient knowledge as to the allegations regarding the claims

- 1 -

ANSWER OF DEFENDANT BRIDGET LEGERRETTE

of others, contained in paragraph 2 of the Complaint, and therefore <u>denies</u> these allegations. As to

LEGERRETTE's claim, denoted in the Complaint as "Pope, Berger & Williams, LLP, as attorneys for

Bridget Legerrette and George Ponce," LEGERRETTE <u>denies</u> that the sum owed to her, jointly with

Defendant GEORGE PONCE, is $38,012.40, and is actually $38,054.45, pursuant to the judgment

attached hereto as Exhibit 1, as well as 205.37 as costs, pursuant to the Memorandum of Costs attached

hereto as Exhibit 2, and subject to increase upon the court's ruling on a pending motion for attorney's

fees, in the underlying action from which this claim arises.

3.    LEGERRETTE is unable to admit or deny the allegations set forth in paragraph 3.

4.    LEGERRETTE is unable to admit or deny the allegations set forth in paragraph 4.

5.    LEGERRETTE is unable to admit or deny the allegations set forth in paragraph 5.

6.    LEGERRETTE is unable to admit or deny the allegations set forth in paragraph 6.

7.    LEGERRETTE is unable to admit or deny the allegations set forth in paragraph 7.

8.    LEGERRETTE is unable to admit or deny the allegations set forth in paragraph 8.

9.    LEGERRETTE admits the allegations of paragraph 9.

///

## DEFENDANT'S CLAIM TO FUNDS HELD IN INTERPLEADER

10.    On July 18, 2007, Judgment was entered in favor of GEORGE PONCE and BRIDGET

LEGERRETTE against IDEVELOPMENT, INC., d/b/a A&M TOWING. A true and correct copy of

that Judgment is attached hereto as Exhibit 1, and provides that GEORGE PONCE and BRIDGET

LEGERRETTE shall recover from IDEVELOPMENT, INC., d/b/a A&M TOWING the sum of

$38,054.45, as well as attorney's fees and costs. Thereafter, GEORGE PONCE and BRIDGET

LEGERRETTE filed a Memorandum of Costs, a true and correct copy of which is attached hereto as

Exhibit 2, claiming $205.37 in costs, with attorney's fees to be determined by the Hon. Yuri Hoffman,

in Department 60 of this Court, pursuant to a pending noticed motion.

11.    Accordingly, the claim of GEORGE PONCE and BRIDGET LEGERRETTE to the

funds presently held in interpleader, and the subject of this action, is at least $38,259.82, subject to

increase upon the Court's ruling on the pending motion for attorney's fees brought by GEORGE

PONCE and BRIDGET LEGERRETTE.

- 2 -

ANSWER OF DEFENDANT BRIDGET LEGERRETTE

12.    The funds held in interpleader represent the only known and remaining assets of IDEVELOPMENT, INC., d/b/a A&M TOWING, and accordingly, the sums owed to GEORGE PONCE and BRIDGET LEGERRETTE are owed out of the funds held in interpleader.

///

**PRAYER**

WHEREFORE, this answering Defendant prays for Judgment in this action as follows:

1.    That the entire claim owed to this answering Defendant be paid from the funds held in interpleader by this Court;

2.    For attorney's fees and costs incurred in this action by this answering Defendant;

3.    For any other relief as the Court may deem necessary or proper.

Respectfully Submitted,

8/29/07
Date

POPE, BERGER AND WILLIAMS, LLP

Harvey C. Berger
Aaron A. Hayes
Attorneys for Defendant

///

**VERIFICATION**

I, Bridget LeGerrette a defendant in the above-entitled action. I have read the foregoing Answer and know the contents thereof. This Answer and its contents are true and of my personal knowledge, except as to those matters based on information and belief, and as to those such matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 29 of August, 2007, at San Diego, California.

- 3 -

ANSWER OF DEFENDANT BRIDGET LEGERRETTE

F I L E D
Clerk of the Superior Court

JUL 1 8 2007

BY: S. SEEMATTER

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

### CENTRAL JUDICIAL BRANCH

| | |
|---|---|
| GEORGE PONCE, SR., and BRIDGET LEGERRETTE, <br><br>     Plaintiffs, <br><br> vs. <br><br> A&M TOWING, INC., a business entity, form unknown; IDEVELOPMENT, INC., a Nevada Corporation, dba A&M TOWING; and DOES 1 - 25, inclusive, <br><br>     Defendants. | Case No. GIC872127 <br><br> Judge: Hon. Yuri Hofmann <br> Dept.: Hall of Justice, Department 60 <br><br> [~~PROPOSED~~] JUDGMENT |

On June 29, 2007, the Court entered its Order granting Plaintiffs' Motion for Enforcement of Settlement Agreement, and directed that Judgment be entered in favor of Plaintiffs GEORGE PONCE, SR., and BRIDGET LEGERRETTE, and against Defendant IDEVELOPMENT, INC., a Nevada corporation, doing business as A&M TOWING.

In accordance with the Court's Order of June 29, 2007, judgment is now entered in favor of Plaintiffs GEORGE PONCE, SR., and BRIDGET LEGERRETTE and against Defendant IDEVELOPMENT, INC., a Nevada corporation, doing business as A&M TOWING in the total amount of THIRTY-EIGHT THOUSAND FIFTY-FOUR DOLLARS AND FORTY-FIVE CENTS ($38,054.45), consisting of the sum of THIRTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS which remains owing under the Settlement Agreement, and interest thereon of FIVE HUNDRED AND

- 1 -

1  FIFTY FOUR DOLLARS AND FORTY-FIVE CENTS, as provided for by the Settlement Agreement.

2  Plaintiffs shall recover attorney's fees and costs, provided for by the terms of the Settlement Agreement

3  between the parties, pursuant to a post-judgment motion which shall be brought, pursuant to the Court's

4  Order of June 29, 2007.

5      IT IS SO ORDERED.

                                       **YURI HOFMANN**

6         JUL 1 8 2007               JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

MC-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Harvey C. Berger (SBN 102973) / Aaron A. Hayes (SBN 236122)
Pope, Berger and Williams, LLP
550 W. C Street, Suite 1400
San Diego, California 92101
TELEPHONE NO: 619-595-1366    FAX NO: 619-236-9677
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

AUG 0 3 2007

BY: S. SEEMATTER

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
Superior Court of California, San Diego County-Central Judicial Branch

PLAINTIFF: George Ponce and Bridget Legerrette

DEFENDANT: IDevelopment, Inc. d/b/a A&M Towing

| MEMORANDUM OF COSTS (SUMMARY) | CASE NUMBER: GIC872127 |
|---|---|

**The following costs are requested:**

|  |  | TOTALS |
|---|---|---|
| 1. Filing and motion fees | 1. $ | 80.00 |
| Jury fees | 2. $ | 0.0 |
| 3. Jury food and lodging | 3. $ | 0.0 |
| 4. Deposition costs | 4. $ | 0.0 |
| 5. Service of process | 5. $ | 0.0 |
| 6. Attachment expenses | 6. $ | 0.0 |
| 7. Surety bond premiums | 7. $ | 0.0 |
| 8. Witness fees | 8. $ | 0.0 |
| 9. Court-ordered transcripts | 9. $ | 0.0 |
| 10. Attorney fees (enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required) | 10. $ | By Motion |
| 11. Models, blowups, and photocopies of exhibits | 11. $ | 0.0 |
| 12. Court reporter fees as established by statute | 12. $ | 0.0 |
| 13. Other | 13. $ | 125.37 |
| TOTAL COSTS | $ | 205.37 |

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date:

Aaron A. Hayes
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE)

(Proof of service on reverse)

Form Approved for Optional Use
Judicial Council of California
MC-010 [Rev. July 1, 1999]

**MEMORANDUM OF COSTS (SUMMARY)**

Code of Civil Procedure,
§§ 1032, 1033.5

American LegalNet, Inc.
www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ponce, et. al v. A&M Towing, et. al | GIC872127 |

PROOF OF ☐ MAILING ☐ PERSONAL DELIVERY

1. At the time of mailing or personal delivery, I was at least 18 years of age and **not a party** to this legal action.
2. My residence or business address is *(specify)*:


3. I mailed or personally delivered a copy of the *Memorandum of Costs (Summary)* as follows *(complete either a or b)*:
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:


         (c) Date of mailing:
         (d) Place of mailing *(city and state)*:

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:


      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

. . . . . . . . . . . . . . . . . . . . . . . . . .
_____    _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF DECLARANT)

| SHORT TITLE: Ponce, et al. v. A&M Towing, et al. | CASE NUMBER:<br>GIC872127 |
|---|---|

## MEMORANDUM OF COSTS (WORKSHEET)

**1. Filing and motion fees**

Paper filed            Filing fee

a. Ex Parte Application      $ 40.00

b. Motion for Enforcement of Settlement Agrmnt    $ 40.00

c. _____ $ _____

d. _____ $ _____

e. _____ $ _____

f. _____ $ _____

g. ☐ Information about additional filing and motion fees is contained in Attachment 1g.

TOTAL   1.   $ 80.00

**2. Jury fees**

Date            Fee & mileage

a. _____ $ _____

b. _____ $ _____

c. _____ $ _____

d. _____ $ _____

e. ☐ Information about additional jury fees is contained in Attachment 2e.

TOTAL   2.   $

TOTAL   3.   $

**3.** Juror food: $ _____ and lodging: $ _____

**4. Deposition costs**

| Name of deponent | Taking | Transcribing | Travel | Video-taping | Subtotals |
|---|---|---|---|---|---|
| a. _____ | $ ___ | $ ___ | $ ___ | $ ___ | $ ___ |
| b. _____ | $ ___ | $ ___ | $ ___ | $ ___ | $ ___ |
| c. _____ | $ ___ | $ ___ | $ ___ | $ ___ | $ ___ |
| d. _____ | $ ___ | $ ___ | $ ___ | $ ___ | $ ___ |

e. ☐ Information about additional deposition costs is contained in Attachment 4e.

TOTAL   4.   $

(Continued on reverse)

Page __1__ of __4__

Form Approved for Optional Use<br>Judicial Council of California<br>MC-011 [Rev. July 1, 1999]

**MEMORANDUM OF COSTS (WORKSHEET)**

Code of Civil Procedure,<br>§§ 1032, 1033.5

American LegalNet, Inc.<br>www.USCourtForms.com

| SHORT TITLE: Ponce, et al. v. A&M Towing, et al. | CASE NUMBER: GIC872127 |
|---|---|

**5. Service of process**

| | Name of person served | Public officer | Registered process | Publication | Other (specify) |
|---|---|---|---|---|---|
| a. | _____ | $ _____ | $ _____ | $ _____ | $ _____ |
| b. | _____ | $ _____ | $ _____ | $ _____ | $ _____ |
| c. | _____ | $ _____ | $ _____ | $ _____ | $ _____ |

d. ☐ Information about additional costs for service of process is contained in Attachment 5d.

TOTAL   5.   $ _____

**6. Attachment expenses** *(specify)*: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.   $ _____

**7. Surety bond premiums** *(itemize bonds and amounts)*: . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.   $ _____

**8. a. Ordinary witness fees**

|  | Name of witness | Daily fee | Mileage | Total |
|---|---|---|---|---|
| (1) | _____ | ____ days at ____ $/day | ____ miles at ____ ¢/mile | . . . . $ _____ |
| (2) | _____ | ____ days at ____ $/day | ____ miles at ____ ¢/mile | . . . . $ _____ |
| (3) | _____ | ____ days at ____ $/day | ____ miles at ____ ¢/mile | . . . . $ _____ |
| (4) | _____ | ____ days at ____ $/day | ____ miles at ____ ¢/mile | . . . . $ _____ |
| (5) | _____ | ____ days at ____ $/day | ____ miles at ____ ¢/mile | . . . . $ _____ |

(6) ☐ Information about additional ordinary witness fees is contained in Attachment 8a(6).

SUBTOTAL 8a.   $ _____

(Continued on next page)                              Page  2  of  4

MC-011 [Rev. July 1, 1999]                    **MEMORANDUM OF COSTS (WORKSHEET)**

| SHORT TITLE: Ponce, et al. v. A&M Towing, et al. | CASE NUMBER: GIC872127 |
|---|---|

## MEMORANDUM OF COSTS (WORKSHEET) *(Continued)*

8.  b.  **Expert fees** *(per Code of Civil Procedure section 998)*

      Name of witness            Fee

  (1) _____  _____ hours at $ _____ /hr  . . .  $ _____

  (2) _____  _____ hours at $ _____ /hr  . . .  $ _____

  (3) _____  _____ hours at $ _____ /hr  . . .  $ _____

  (4) _____  _____ hours at $ _____ /hr  . . .  $ _____

  (5) ☐ Information about additional expert witness fees is contained in Attachment 8b(5).

                    SUBTOTAL 8b.  $ _____

  c.  **Court-ordered expert fees**

        Name of witness             Fee

  (1) _____  _____ hours at $ _____ /hr  . . .  $ _____

  (2) _____  _____ hours at $ _____ /hr  . . .  $ _____

  (3) ☐ Information about additional court-ordered expert witness fees is contained in Attachment 8c(3).

                    SUBTOTAL 8c.  $ _____

              TOTAL (8a, 8b, & 8c)   8.  $ _____

9.  **Court-ordered transcripts** *(specify)*: . . . . . . . . . . . . . . . . . . . . . . . . . . 9.  $ _____

i.  **Attorney fees** *(enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required)*: . . . . . . . . . . . . . . . . . 10.  $ By Motion

11. **Models, blowups, and photocopies of exhibits** *(specify)*: . . . . . . . . . . . . . . . 11.  $ _____

12. **Court reporter fees** *(as established by statute)*

  a.  *(Name of reporter)*: _____  Fees: $ _____

  b.  *(Name of reporter)*: _____  Fees: $ _____

  c.  ☐ Information about additional court reporter fees is contained in Attachment 12c.

                    TOTAL   12.  $ _____

13. **Other** *(specify)*: Overnite Mail Charges for Service of Papers. . . . . . . . . . . . . . . 13.  $ 125.37

**TOTAL COSTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 205.37

*(Additional information may be supplied on the reverse)*    Page __3__ of __4__

MC-011 [Rev. July 1, 1999]      **MEMORANDUM OF COSTS (WORKSHEET)**

| SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>IN AND FOR THE COUNTY OF SAN DIEGO -CENTRAL | COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):    TELEPHONE NO.:

Harvey C. Berger (SBN 102973)         (619) 595-1366
Aaron A. Hayes (SBN 236122)          (619) 236-9677 - fax
**POPE, BERGER & WILLIAMS, LLP**
550 West "C" Street, Suite 1400
San Diego, California 92101

SHORT CASE TITLE
LAUREL HILL ESCROW SERVICES v. IDEVELOPMENT, INC., et al.

ICJ:    Hon. Patricia A. Y. Cowett
DEPT:   67

ATTORNEYS FOR DEFENDANTS
GEORGE PONCE, SR.; and
BRIDGET LEGERRETTE

DATE/TIME/DEPT

CASE NUMBER
37-2007-00066921-CU-MC-CTL

## DECLARATION OF SERVICE

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 550 West "C" Street, Suite 1400, San Diego, California 92101. On **August 30, 2007** I served the following document(s):

## ANSWER OF DEFENDANT BRIDGET LEGERRETTE;

by placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:

## SEE ATTACHED

[ **X** ]    **BY MAIL** I sealed each envelope and, with the postage thereon fully prepaid, deposited each in our mail room in the ordinary course of business at San Diego, California, on **August 30, 2007**. I am familiar with the business practice of this office for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with the United States Postal Service the same day in the ordinary course of business.

[  ]    **BY OVERNITE EXPRESS** I deposited said documents in a box regularly maintained by Overnite Express located at 550 West C Street, San Diego, California 92101 in an envelope designated by Overnite Express with delivery fees paid for on **August 30, 2007** for next business day delivery.

[  ]    **BY FAX** In addition to service by mail, the counsel by whose name an asterisk (*) is placed, were forwarded a copy of said document(s) by facsimile transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 30, 2007**.

_____
Erika Munoz

*LAUREL HILL ESCROW SERVICES v. IDEVELOPMENT, INC., et al.*
<u>*Case No. 37-2007-00066921-CU-MC-CTL*</u>

<u>Person(s) Served:</u>

Donald Merkin. Esq.                                      *Attorneys for Plaintiff*
Merkin & Associates                                     LAUREL HILL ESCROW SERVICES, INC.
4747 Morena Boulevard, Suite 302
San Diego. CA 92117
858/454-3244
858/270-1420 - fax


Steve Lopez, Esq.                                       *Attorneys for Defendants*
Geraci & Lopez                                          ADVANTAGE TOWING
13355 Midland Road, Suite 140
Poway, CA 92064
619/231-3131
  .9/374-1911 - fax


Cynthia M. Jones, Esq.                                  *Attorneys for Defendants*
Avatar Legal                                            IDEVELOPMENT, INC.
12626 High Bluff Drive, Suite 360
San Diego, CA 92130
858/793-9800
858/793-9801 - fax


Mark L. Share, Esq.                                     *Attorneys for Defendants*
 e Castro, West, Chodorow, Glickfeld & Nass, Inc.       COMMUNITY BANK
10960 Wilshire Blvd., 14th Floor
Los Angeles, CA 90024-3881
310/478-2541
310/473-0123 - fax


Hugh A. McCabe, Esq.                                    *Attorneys for Defendants*
Neil, Dymott, Frank, McFall & Trexler                   NEIL, DYMOTT, FRANK, MCFALL & TREXLER
1010 Second Avenue., Suite 2500                         (re: Lien for fees)
San Diego, CA 92101-4959
619/238-1712
619/238-1562 - fax

1  De CASTRO, WEST, CHODOROW,
      GLICKFELD & NASS, INC.
2  MARK L. SHARE (State Bar No. 149202)
   10960 Wilshire Blvd., Suite 1400
3  Los Angeles, CA 90024-3881
   (310) 478-2541
4  Fax: (310) 473-0123

5  Attorney for Defendant
   Community Bank

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  LAUREL HILL ESCROW SERVICES,        )  CASE NO.
    INC., a California corporation,     )  37-2007-00066921-CU-MC-CTL
12                                      )  (Unlimited Civil Case)
                Plaintiff,              )
13                                      )  **ANSWER OF DEFENDANT**
        v.                              )  **COMMUNITY BANK TO FIRST**
14                                      )  **AMENDED COMPLAINT IN**
    IDEVELOPMENT, INC., a California     )  **INTERPLEADER**
15  corporation dba A & M Towing;       )
    ADVANTAGE TOWING COMPANY,           )  [Code Civ. Proc. § 386]
16  INC., a California corporation; MICHAEL  )
    BRANDEN, an individual; RE/MAX;     )  Dept:        C-67
17  COMMUNITY BANK; JIMMY               )  Judge:       Hon. Patricia A.Y. Cowett
    JOHNSON'S KEARNY MESA               )
18  CHEVROLET; LOMA RIVIERA 76; NCO      )
    FINANCIAL SYSTEMS, INC.; BRIDGET    )
19  LEGERRETTE; GEORGE PONCE; THE       )
    HOSE PROS; VOIT COMMERCIAL          )
20  BROKERAGE; WELCH'S TIRES, INC.;     )
    AT&T; and CALIFORNIA DEPARTMENT     )
21  OF MOTOR VEHICLES,                  )
                                        )
22              Defendants.             )
                                        )
23

24      Defendant COMMUNITY BANK ("BANK") answers Plaintiff's verified First Amended

25  Complaint in Interpleader (the "First Amended Complaint") and claims the funds held by the

26  Court, as follows:

27                          **ANSWER**

28      1.      BANK denies the allegations of paragraph 1 for lack of information and belief.

─────────────────────────────────────────

ANSWER OF DEFENDANT COMMUNITY BANK

2.      BANK admits that Community Bank is owed at least $208,812.73 or more from the interpleaded funds and denies all the other allegations of paragraph 2.

3.      BANK admits the allegations of paragraph 3.

4.      BANK admits the allegations of paragraph 4.

5.      BANK admits the allegations of paragraph 5.

6.      BANK admits the allegations of paragraph 6.

7.      BANK admits the allegations of paragraph 7.

8.      BANK admits the allegations of paragraph 8.

9.      BANK admits the allegations of paragraph 9.

## BANK'S CLAIM TO FUNDS HELD IN INTERPLEADER

10.     BANK is a California corporation authorized to transact banking business in the State of California.  Plaintiff is exempt from the usury provisions of Article XV, Section 1, of the California Constitution.

11.     The within action is not subject to the provisions of sections 1801, et seq., or sections 2981, et seq. of the California Civil Code.

12.     On or about August 2, 2002, defendant Idevelopment, Inc. dba A&M Towing, a Nevada corporation, sometimes referred to as "Debtor," executed and delivered to BANK that certain Promissory Note (the "Note") in the principal sum of $309,000.00, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by this reference.

13.     The Note provides that Debtor will pay interest at a variable rate of 2.5% above the Prime Rate.

14.     The Note provides that Debtor will pay principal and interest in monthly payments, which vary with interest rates, with a final payment of principal and interest due on or about August 15, 2012.

15.     The Note provides that Debtor will pay a late fee of 5% of the unpaid portion of any scheduled payment.

16.     Debtor defaulted under the terms of the Note by failing to make all payments of principal and interest due in February 2007 and thereafter.

-2-

ANSWER OF DEFENDANT COMMUNITY BANK

DE CASÝ, WEST, CHODOROW, GLICKFELD & N··'S, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

17. In accordance with terms of the Note, BANK elected to accelerate the maturity date and declare all unpaid principal and interest due and payable as of March 27, 2007.

18. After application of all payments made by Debtor and sale of some collateral, as of September 24, 2007, the unpaid principal balance is $190,549.84, unpaid interest is 11,354.42, and unpaid late fees are $4,750.50, for **a total amount due and owing of $206,654.76**. Interest, late fees, legal fees and costs that accrue after September 24, 2007 will increase the amount of BANK's claim.

19. In the Note, Debtor agrees to pay BANK's costs and reasonable attorneys' fees incurred in collecting any amount due under the Note.

20. BANK has employed De Castro, West, Chodorow, Glickfeld & Nass, Inc. as its attorneys to collect all amounts due to BANK under the Note and related Security Agreement.

21. BANK has duly performed all of the conditions precedent on its part required to be performed under the Note.

22. On or about August 2, 2002, as security for payments due under the Note, Debtor signed a Commercial Security Agreement ("Security Agreement") in favor of BANK, wherein BANK was granted a security interest in Debtor's "Collateral," defined as "All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles," including without limitation "All . . . monies . . . arising out of a sale . . . of any of the [Collateral]."   A true and correct copy of the Security Agreement is attached hereto as Exhibit 2 and incorporated herein by this reference.

23. BANK perfected its security interest in the collateral by filing a Financing Statement and a Continuation Statement with the Nevada Secretary of State's Office, true and correct copies of which are attached hereto collectively as Exhibit 3.

24. BANK is entitled, pursuant to the terms of the Security Agreement, to take the interpleaded amount which is the sale proceeds of the Collateral, and apply that money to unpaid amounts owing under the Note.

25. Accordingly, the claim of BANK to the funds presently held in interpleader, and the subject of this action, is at least $206,654.76 subject to increase for interest and late fees accruing after September 24, 2007 and for attorney's fees.

-3-

ANSWER OF DEFENDANT COMMUNITY BANK

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

26.    The funds held in interpleader represent the only known and remaining assets of Debtor, and accordingly, the sums owed to BANK are owed out of the funds held in interpleader.

**PRAYER**

WHEREFORE, Community BANK prays for judgment in this proceeding against the other Defendants and the interpleaded funds as follows:

1.    For the sum of $206,654.76, for principal, interest and late fees through September 24, 2007;

2.    For pre-judgment interest from September 25, 2007 through the date of entry of judgment according to proof either at the rate of 10% per annum per statute or the variable rate provided in the Note;

3.    For late fees of approximately $197.60 per month accruing after September 24, 2007 as provided in the Note, according to proof;

4.    For reasonable attorneys' fees;

5.    For costs of suit herein incurred;

6.    That the entire claim owed to BANK be paid from the funds held in interpleader by this Court; and,

7.    For such other and further relief as this court may deem just and proper.

Dated: October 1, 2007

De CASTRO, WEST, CHODOROW,
GLICKFELD & NASS, INC.

By: _Mark L. Share_

Mark L. Share
Attorneys for Defendant
Community Bank

M:\FirmDocs\MLS\Community Bank\A&M Towing\Pleadings\CBank.IDevelopment.Answer.rev2.wpd

-4-

DE CAST    WEST, CHODOROW, GLICKFELD & NA⁻⁻ INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541

<u>**VERIFICATION**</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing **ANSWER OF DEFENDANT COMMUNITY BANK TO FIRST AMENDED COMPLAINT IN INTERPLEADER** and know its contents.

I am Vice President, Special Asset Department of COMMUNITY BANK, a California corporation, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe that the matters stated in it are true.

Executed on October ___1___, 2007, at Pasadena, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

MARLENE COSFOL



U.S. Small Business Administration

# NOTE

| SBA Loan # | PLP 5546214004 |
|---|---|
| SBA Loan Name | A&M Towing |
| Date | August 2, 2002 |
| Loan Amount | 309,000.00 |
| Interest Rate | Variable |
| Borrower | Idevelopment, Inc. dba A&M Towing |
| Operating Company | Idevelopment, Inc. dba A & M Towing |
| Lender | Community Bank |

1. PROMISE TO PAY:

In return for the Loan, Borrower promises to pay to the order of Lender the amount of

Three Hundred Nine Thousand & 00/100* • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •_____ Dollars,

interest on the unpaid principal balance, and all other amounts required by this Note.

2. DEFINITIONS:

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

"Guarantor" means each person or entity that signs a guarantee of payment of this Note.

"Loan" means the loan evidenced by this Note.

"Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who

pledges collateral.

"SBA" means the Small Business Administration, an Agency of the United States of America.

3. **PAYMENT TERMS:**

Borrower must make all payments at the place Lender designates. The payment terms for this Note are:

The interest rate on this Note will fluctuate. The initial interest rate is 7.25% per year. This initial rate is the prime rate on the date SBA received the loan application, plus 2.50%. The initial interest rate must remain in effect until the first change period begins.

Borrower must pay principal and interest payments of $3,628.00 every month, beginning one month from the month of initial disbursement on this Note; payments must be made on the same calendar day in the months they are due. Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal. The interest rate will be adjusted monthly (the "change period").

The "Prime Rate" is the prime rate in effect on the first business day of the month in which an interest rate change occurs, as published in the Wall Street Journal on the next business day.
The adjusted interest rate will be 2.50% above the Prime Rate. Lender will adjust the interest rate on the first calendar day of each change period. The change in interest rate is effective on that day whether or not Lender gives Borrower notice of the change. The initial interest rate must remain in effect until the first change period begins.
Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the note.
If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default. If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase.

All remaining principal and accrued interest is due and payable 10 years from date of initial disbursement.

Late Charge: If a payment on this Note is more than 10 days late, Lender may charge Borrower a late fee of up to 5% of the unpaid portion of the regularly scheduled payment.

Loan Prepayment:
Notwithstanding any provision in this Note to the contrary:
Borrower may prepay this Note. Borrower may prepay 20 percent or less of the unpaid principal balance at any time without notice. If Borrower prepays more than 20 percent and the Loan has been sold on the secondary market, Borrower must:
a.    Give Lender written notice;
b.    Pay all accrued interest; and
c.    If the prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal to 21 days' interest from the date lender receives the notice, less any interest accrued during the 21 days and paid under subparagraph b., above.
If Borrower does not prepay within 30 days from the date Lender receives the notice, Borrower must give Lender a new notice.

4. **DEFAULT:**

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

A. Fails to do anything required by this Note and other Loan Documents;

B. Defaults on any other loan with Lender;

C. Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;

D. Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;

E. Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;

F. Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;

G. Fails to pay any taxes when due;

H. Becomes the subject of a proceeding under any bankruptcy or insolvency law;

I. Has a receiver or liquidator appointed for any part of their business or property;

J. Makes an assignment for the benefit of creditors;

K. Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;

L. Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or

M. Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.

5. **LENDER'S RIGHTS IF THERE IS A DEFAULT:**

Without notice or demand and without giving up any of its rights, Lender may:

A. Require immediate payment of all amounts owing under this Note;

B. Collect all amounts owing from any Borrower or Guarantor;

C. File suit and obtain judgment;

D. Take possession of any Collateral; or

E. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **LENDER'S GENERAL POWERS:**

Without notice and without Borrower's consent, Lender may:

A. Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;

B. Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;

C. Release anyone obligated to pay this Note;

D. Compromise, release, renew, extend or substitute any of the Collateral; and

E. Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. WHEN FEDERAL LAW APPLIES:

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. SUCCESSORS AND ASSIGNS:

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.

9. GENERAL PROVISIONS:

A. All individuals and entities signing this Note are jointly and severally liable.

B. Borrower waives all suretyship defenses.

C. Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

D. Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.

E. Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.

F. If any part of this Note is unenforceable, all other parts remain in effect.

G. To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

10. STATE-SPECIFIC PROVISIONS:

COLLATERAL:
Collateral as described per Commercial Security Agreements of even date and a Collateral Assignment of Life Insurance Policy dated July 25, 2002.

11. **BORROWER'S NAME(S) AND SIGNATURE(S):**

By signing below, each individual or entity becomes obligated under this Note as Borrower.

Idevelopment, Inc. dba A&M Towing

Vartan V. Yacoubian, President

Sbireen L. Yacoubian, Treasurer

*The Guaranteed portion of this Note has been transferred to a Registered Holder for value.*

*Dated:* q|5w|02

*By Deborah Gallagher, EVP*

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $309,000.00 | 08-02-2002 | 08-02-2012 | 71100457 | CLS 10 / 240 | | 287 | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Grantor:** IDEVELOPMENT, INC. DBA A & M TOWING
3045 SUNSET STREET
SAN DIEGO, CA 92110

**Lender:** COMMUNITY BANK
SBA LOAN DEPARTMENT
POST OFFICE BOX 54477
LOS ANGELES, CA 90054
(800) 788-9999

---

**THIS COMMERCIAL SECURITY AGREEMENT dated August 2, 2002, is made and executed between IDEVELOPMENT, INC. DBA A & M TOWING ("Grantor") and COMMUNITY BANK ("Lender").**

**GRANT OF SECURITY INTEREST. For valuable consideration, Grantor grants to Lender a security interest in the Collateral to secure the Indebtedness and agrees that Lender shall have the rights stated in this Agreement with respect to the Collateral, in addition to all other rights which Lender may have by law.**

**COLLATERAL DESCRIPTION.** The word "Collateral" as used in this Agreement means the following described property, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located, in which Grantor is giving to Lender a security interest for the payment of the Indebtedness and performance of all other obligations under the Note and this Agreement:

**All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles**

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located:

(A) All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or later.

(B) All products and produce of any of the property described in this Collateral section.

(C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, or other disposition of any of the property described in this Collateral section.

(D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process.

(E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.

Despite any other provision of this Agreement, Lender is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. In addition, if because of the type of any Property, Lender is required to give a notice of the right to cancel under Truth in Lending for the Indebtedness, then Lender will not have a security interest in such Collateral unless and until such a notice is given.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE COLLATERAL.** With respect to the Collateral, Grantor represents and promises to Lender that:

**Perfection of Security Interest.** Grantor agrees to execute financing statements and to take whatever other actions are requested by Lender to perfect and continue Lender's security interest in the Collateral. Upon request of Lender, Grantor will deliver to Lender any and all of the documents evidencing or constituting the Collateral, and Grantor will note Lender's interest upon any and all chattel paper if not delivered to Lender for possession by Lender.

**Notices to Lender.** Grantor will promptly notify Lender in writing at Lender's address shown above (or such other addresses as Lender may designate from time to time) prior to any (1) change in Grantor's name; (2) change in Grantor's assumed business name(s); (3) change in the management of the Corporation Grantor; (4) change in the authorized signer(s); (5) change in Grantor's principal office address; (6) change in Grantor's state of organization; (7) conversion of Grantor to a new or different type of business entity; or (8) change in any other aspect of Grantor that directly or indirectly relates to any agreements between Grantor and Lender. No change in Grantor's name or state of organization will take effect until after Lender has received notice.

**No Violation.** The execution and delivery of this Agreement will not violate any law or agreement governing Grantor or to which Grantor is a party, and its certificate or articles of incorporation and bylaws do not prohibit any term or condition of this Agreement.

**Enforceability of Collateral.** To the extent the Collateral consists of accounts, chattel paper, or general intangibles, as defined by the Uniform Commercial Code, the Collateral is enforceable in accordance with its terms, is genuine, and fully complies with all applicable laws and regulations concerning form, content and manner of preparation and execution, and all persons appearing to be obligated on the Collateral have authority and capacity to contract and are in fact obligated as they appear to be on the Collateral. At the time any Account becomes subject to a security interest in favor of Lender, the Account shall be a good and valid account representing an undisputed, bona fide indebtedness incurred by the account debtor, for merchandise held subject to delivery instructions or previously shipped or delivered pursuant to a contract of sale, or for services previously performed by Grantor with or for the account debtor. So long as this Agreement remains in effect, Grantor shall not, without Lender's prior written consent, compromise, settle, adjust, or extend payment under or with regard to any such Accounts. There shall be no setoffs or counterclaims against any of the Collateral, and no agreement shall have been made under which any deductions or discounts may be claimed concerning the Collateral except those disclosed to Lender in writing.

**Location of the Collateral.** Except in the ordinary course of Grantor's business, Grantor agrees to keep the Collateral (or to the extent the Collateral consists of intangible property such as accounts or general intangibles, the records concerning the Collateral) at Grantor's address shown above or at such other locations as are acceptable to Lender. Upon Lender's request, Grantor will deliver to Lender in form satisfactory to Lender a schedule of real properties and Collateral locations relating to Grantor's operations, including without limitation the following: (1) all real property Grantor owns or is purchasing; (2) all real property Grantor is renting or leasing; (3) all storage facilities Grantor owns, rents, leases, or uses; and (4) all other properties where Collateral is or may be located.

**Removal of the Collateral.** Except in the ordinary course of Grantor's business, including the sales of inventory, Grantor shall not remove the Collateral from its existing location without Lender's prior written consent. To the extent that the Collateral consists of vehicles, or other titled property, Grantor shall not take or permit any action which would require application for certificates of title for the vehicles outside the State of Nevada, without Lender's prior written consent. Grantor shall, whenever requested, advise Lender of the exact location of the Collateral.

**Transactions Involving Collateral.** Except for inventory sold or accounts collected in the ordinary course of Grantor's business, or as otherwise provided for in this Agreement, Grantor shall not sell, offer to sell, or otherwise transfer or dispose of the Collateral. While Grantor is not in default under this Agreement, Grantor may sell inventory, but only in the ordinary course of its business and only to buyers who qualify as a buyer in the ordinary course of business. A sale in the ordinary course of Grantor's business does not include a transfer in partial or total satisfaction of a debt or any bulk sale. Grantor shall not pledge, mortgage, encumber or otherwise permit the Collateral to be subject to any lien, security interest, encumbrance, or charge, other than the security interest provided for in this Agreement, without the prior written consent of Lender. This includes security interests even if junior in right to the security interests granted under this Agreement. Unless waived by Lender, all proceeds from any disposition of the Collateral (for whatever reason) shall be held in trust for Lender and shall not be commingled with any other funds; provided however, this requirement shall not constitute consent by Lender to any sale or other disposition. Upon receipt, Grantor shall immediately deliver any such proceeds to Lender.

**Title.** Grantor represents and warrants to Lender that Grantor holds good and marketable title to the Collateral, free and clear of all liens and encumbrances except for the lien of this Agreement. No financing statement covering any of the Collateral is on file in any public office other than those which reflect the security interest created by this Agreement or to which Lender has specifically consented. Grantor shall defend Lender's rights in the Collateral against the claims and demands of all other persons.

**Repairs and Maintenance.** Grantor agrees to keep and maintain, and to cause others to keep and maintain, the Collateral in good order, repair and condition at all times while this Agreement remains in effect. Grantor further agrees to pay when due all claims for work done on, or services rendered or material furnished in connection with the Collateral so that no lien or encumbrance may ever attach to or be filed against the Collateral.

**Inspection of Collateral.** Lender and Lender's designated representatives and agents shall have the right at all reasonable times to examine and

**COMMERCIAL SECURITY AGREEMENT**

Loan No: 7110045                                                                 (Continued)                                                                 Page 2

inspect the Collateral wherever located.

**Taxes, Assessments and Liens.** Grantor will pay when due all taxes, assessments and liens upon the Collateral, its use or operation, upon this Agreement, upon any promissory note or notes evidencing the Indebtedness, or upon any of the other Related Documents. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized in Lender's sole opinion. If the Collateral is subjected to a lien which is not discharged within fifteen (15) days, Grantor shall deposit with Lender cash, a sufficient corporate surety bond or other security satisfactory to Lender in an amount adequate to provide for the discharge of the lien plus any interest, costs, attorneys' fees or other charges that could accrue as a result of foreclosure or sale of the Collateral. In any contest Grantor shall defend itself and Lender and shall satisfy any final adverse judgment before enforcement against the Collateral. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings. Grantor further agrees to furnish Lender with evidence that such taxes, assessments, and governmental and other charges have been paid in full and in a timely manner. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized.

**Compliance with Governmental Requirements.** Grantor shall comply promptly with all laws, ordinances, rules and regulations of all governmental authorities, now or hereafter in effect, applicable to the ownership, production, disposition, or use of the Collateral, including all laws or regulations relating to the undue erosion of highly-erodible land or relating to the conversion of wetlands for the production of an agricultural product or commodity. Grantor may contest in good faith any such law, ordinance or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Lender's interest in the Collateral, in Lender's opinion, is not jeopardized.

**Hazardous Substances.** Grantor represents and warrants that the Collateral never has been, and never will be so long as this Agreement remains a lien on the Collateral, used in violation of any Environmental Laws or for the generation, manufacture, storage, transportation, treatment, disposal, release or threatened release of any Hazardous Substance. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Collateral for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any Environmental Laws, and (2) agrees to indemnify and hold harmless Lender against any and all claims and losses resulting from a breach of this provision of this Agreement. This obligation to indemnify shall survive the payment of the Indebtedness and the satisfaction of this Agreement.

**Maintenance of Casualty Insurance.** Grantor shall procure and maintain all risks insurance, including without limitation fire, theft and liability coverage together with such other insurance as Lender may require with respect to the Collateral, in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least thirty (30) days' prior written notice to Lender and not including any disclaimer of the insurer's liability for failure to give such a notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. In connection with all policies covering assets in which Lender holds or is offered a security interest, Grantor will provide Lender with such loss payable or other endorsements as Lender may require. If Grantor at any time fails to obtain or maintain any insurance as required under this Agreement, Lender may (but shall not be obligated to) obtain such insurance as Lender deems appropriate, including if Lender so chooses "single interest insurance," which will cover only Lender's interest in the Collateral.

**Application of Insurance Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Collateral. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. All proceeds of any insurance on the Collateral, including accrued proceeds thereon, shall be held by Lender as part of the Collateral. If Lender consents to repair or replacement of the damaged or destroyed Collateral, Lender shall, upon satisfactory proof of expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration. If Lender does not consent to repair or replacement of the Collateral, Lender shall retain a sufficient amount of the proceeds to pay all of the Indebtedness, and shall pay the balance to Grantor. Any proceeds which have not been disbursed within six (6) months after their receipt and which Grantor has not committed to the repair or restoration of the Collateral shall be used to prepay the Indebtedness.

**Insurance Reserves.** Lender may require Grantor to maintain with Lender reserves for payment of insurance premiums, which reserves shall be created by monthly payments from Grantor of a sum estimated by Lender to be sufficient to produce, at least fifteen (15) days before the premium due date, amounts at least equal to the insurance premiums to be paid. If fifteen (15) days before payment is due, the reserve funds are insufficient, Grantor shall upon demand pay any deficiency to Lender. The reserve funds shall be held by Lender as a general deposit and shall constitute a non-interest-bearing account which Lender may satisfy by payment of the insurance premiums required to be paid by Grantor as they become due. Lender does not hold the reserve funds in trust for Grantor, and Lender is not the agent of Grantor for payment of the insurance premiums required to be paid by Grantor. The responsibility for the payment of premiums shall remain Grantor's sole responsibility.

**Insurance Reports.** Grantor, upon request of Lender, shall furnish to Lender reports on each existing policy of insurance showing such information as Lender may reasonably request including the following: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured; (5) the then current value on the basis of which insurance has been obtained and the manner of determining that value; and (6) the expiration date of the policy. In addition, Grantor shall upon request by Lender (however not more often than annually) have an independent appraiser satisfactory to Lender determine, as applicable, the cash value or replacement cost of the Collateral.

**Financing Statements.** Grantor authorizes Lender to file a UCC-1 financing statement, or alternatively, a copy of this Agreement to perfect Lender's security interest. At Lender's request, Grantor additionally agrees to sign all other documents that are necessary to perfect, protect, and continue Lender's security interest in the Property. Grantor will pay all filing fees, title transfer fees, and other fees and costs involved unless prohibited by law or unless Lender is required by law to pay such fees and costs. Grantor irrevocably appoints Lender to execute documents and statements and documents of title in Grantor's name and to execute all documents necessary to transfer title if there is a default. Lender may file a copy of this Agreement as a financing statement. If Grantor changes Grantor's name or address, or the name or address of any person granting a security interest under this Agreement changes, Grantor will promptly notify the Lender of such change.

**GRANTOR'S RIGHT TO POSSESSION AND TO COLLECT ACCOUNTS.** Until default and except as otherwise provided below with respect to accounts, Grantor may have possession of the tangible personal property and beneficial use of all the Collateral and may use it in any lawful manner not inconsistent with this Agreement or the Related Documents, provided that Grantor's right to possession and beneficial use shall not apply to any Collateral where possession of the Collateral by Lender is required by law to perfect Lender's security interest in such Collateral. Until otherwise notified by Lender, Grantor may collect any of the Collateral consisting of accounts. At any time and even though no Event of Default exists, Lender may exercise its rights to collect the accounts and to notify account debtors to make payments directly to Lender for application to the Indebtedness. If Lender at any time has possession of any Collateral, whether before or after an Event of Default, Lender shall be deemed to have exercised reasonable care in the custody and preservation of the Collateral if Lender takes such action for that purpose as Grantor shall request or as Lender, in Lender's sole discretion, shall deem appropriate under the circumstances, but failure to honor any request by Grantor shall not of itself be deemed to be a failure to exercise reasonable care. Lender shall not be required to take any steps necessary to preserve any rights in the Collateral against prior parties, nor to protect, preserve or maintain any security interest given to secure the Indebtedness.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Collateral or if Grantor fails to comply with any provision of this Agreement or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Agreement or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Collateral and paying all costs for insuring, maintaining and preserving the Collateral. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Agreement also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following shall constitute an Event of Default under this Agreement:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of Grantor's existence as a going business, the insolvency of Grantor, the appointment of a receiver for

any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against any collateral securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to Guarantor of any of the Indebtedness or Guarantor dies or becomes incompetent or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Agreement within the preceding twelve (12) months, it may be cured (and no event of default will have occurred) if Grantor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Agreement, at any time thereafter, Lender shall have all the rights of a secured party under the Nevada Uniform Commercial Code. In addition and without limitation, Lender may exercise any one or more of the following rights and remedies:

**Accelerate Indebtedness.** Lender may declare the entire Indebtedness, including any prepayment penalty which Grantor would be required to pay, immediately due and payable, without notice of any kind to Grantor.

**Assemble Collateral.** Lender may require Grantor to deliver to Lender all or any portion of the Collateral and any and all certificates of title and other documents relating to the Collateral. Lender may require Grantor to assemble the Collateral and make it available to Lender at a place to be designated by Lender. Lender also shall have full power to enter upon the property of Grantor to take possession of and remove the Collateral. If the Collateral contains other goods not covered by this Agreement at the time of repossession, Grantor agrees Lender may take such other goods, provided that Lender makes reasonable efforts to return them to Grantor after repossession.

**Sell the Collateral.** Lender shall have full power to sell, lease, transfer, or otherwise deal with the Collateral or proceeds thereof in Lender's own name or that of Grantor. Lender may sell the Collateral at public auction or private sale. Unless the Collateral threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Grantor, and other persons as required by law, reasonable notice of the time and place of any public sale, or the time after which any private sale or any other disposition of the Collateral is to be made. However, no notice need be provided to any person who, after Event of Default occurs, enters into and authenticates an agreement waiving that person's right to notification of sale. The requirements of reasonable notice shall be met if such notice is given at least ten (10) days before the time of the sale or disposition. All expenses relating to the disposition of the Collateral, including without limitation the expenses of retaking, holding, insuring, preparing for sale and selling the Collateral, shall become a part of the Indebtedness secured by this Agreement and shall be payable on demand, with interest at the Note rate from date of expenditure until repaid.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Collateral, with the power to protect and preserve the Collateral, to operate the Collateral preceding foreclosure or sale, and to collect the Rents from the Collateral and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Collateral exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Collect Revenues, Apply Accounts.** Lender, either itself or through a receiver, may collect the payments, rents, income, and revenues from the Collateral. Lender may at any time in Lender's discretion transfer any Collateral into Lender's own name or that of Lender's nominee and receive the payments, rents, income, and revenues therefrom and hold the same as security for the Indebtedness or apply it to payment of the Indebtedness in such order of preference as Lender may determine. Insofar as the Collateral consists of accounts, general intangibles, insurance policies, instruments, chattel paper, choses in action, or similar property, Lender may demand, collect, receipt for, settle, compromise, adjust, sue for, foreclose, or realize on the Collateral as Lender may determine, whether or not Indebtedness or Collateral is then due. For these purposes, Lender may, on behalf of and in the name of Grantor, receive, open and dispose of mail addressed to Grantor; change any address to which mail and payments are to be sent; and endorse notes, checks, drafts, money orders, documents of title, instruments and items pertaining to payment, shipment, or storage of any Collateral. To facilitate collection, Lender may notify account debtors and obligors on any Collateral to make payments directly to Lender.

**Obtain Deficiency.** If Lender chooses to sell any or all of the Collateral, Lender may obtain a judgment against Grantor for any deficiency remaining on the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this Agreement. Grantor shall be liable for a deficiency even if the transaction described in this subsection is a sale of accounts or chattel paper.

**Other Rights and Remedies.** Lender shall have all the rights and remedies of a secured creditor under the provisions of the Uniform Commercial Code, as may be amended from time to time. In addition, Lender shall have and may exercise any or all other rights and remedies it may have available at law, in equity, or otherwise.

**Election of Remedies.** Except as may be prohibited by applicable law, all of Lender's rights and remedies, whether evidenced by this Agreement, the Related Documents, or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Agreement, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**COLLATERAL SCHEDULES AND LOCATIONS.** As often as Lender shall require, and insofar as the Collateral consists of accounts and general intangibles, Grantor shall deliver to Lender schedules of such Collateral, including such information as Lender may require, including without limitation names and addresses of account debtors and agings of accounts and general intangibles. Insofar as the Collateral consists of inventory and equipment, Grantor shall deliver to Lender, as often as Lender shall require, such lists, descriptions, and designations of such Collateral as Lender may require to identify the nature, extent, and location of such Collateral. Such information shall be submitted for Grantor and each of its subsidiaries or related companies.

**ADDITIONAL EVENT OF DEFAULT .** Default in Favor of Third Parties. Should Borrower or any Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially effect any of Borrower's property or Borrower's or any Grantor's ability to repay the Loans or perform their respective obligations under this Agreement or any of the Related Documents.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Agreement:

**Amendments.** This Agreement, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Agreement. No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Attorneys' Fees; Expenses.** Grantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Agreement. Lender may hire or pay someone else to help enforce this Agreement, and Grantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Grantor also shall pay all court costs and such additional fees as may be directed by the court.

**Caption Headings.** Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement.

**Applicable Law.** The Loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations: (a) When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law. (b) Lender or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan. Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Agreement unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Agreement shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Agreement. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Agreement, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Agreement shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Agreement. Any party may change its address for notices under this Agreement by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Power of Attorney.** Grantor hereby appoints Lender as Grantor's irrevocable attorney-in-fact for the purpose of executing any documents necessary to perfect, amend, or to continue the security interest granted in this Agreement or to demand termination of filings of other secured parties. Lender may at any time, and without further authorization from Grantor, file a carbon, photographic or other reproduction of any financing statement or of this Agreement for use as a financing statement. Grantor will reimburse Lender for all expenses for the perfection and the continuation of the perfection of Lender's security interest in the Collateral.

**Severability.** If a court of competent jurisdiction finds any provision of this Agreement to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Agreement. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Agreement shall not affect the legality, validity or enforceability of any other provision of this Agreement.

**Successors and Assigns.** Subject to any limitations stated in this Agreement on transfer of Grantor's interest, this Agreement shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Collateral becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Agreement and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Agreement or liability under the Indebtedness.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Grantor in this Agreement shall survive the execution and delivery of this Agreement, shall be continuing in nature, and shall remain in full force and effect until such time as Grantor's Indebtedness shall be paid in full.

**Time is of the Essence.** Time is of the essence in the performance of this Agreement.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Agreement. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Agreement shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Account.** The word "Account" means a trade account, account receivable, other receivable, or other right to payment for goods sold or services rendered owing to Grantor (or to a third party grantor acceptable to Lender).

**Agreement.** The word "Agreement" means this Commercial Security Agreement, as this Commercial Security Agreement may be amended or modified from time to time, together with all exhibits and schedules attached to this Commercial Security Agreement from time to time.

**Borrower.** The word "Borrower" means IDEVELOPMENT, INC. DBA A & M TOWING, and all other persons and entities signing the Note in whatever capacity.

**Collateral.** The word "Collateral" means all of Grantor's right, title and interest in and to all the Collateral as described in the Collateral Description section of this Agreement.

**Default.** The word "Default" means the Default set forth in this Agreement in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Agreement in the default section of this Agreement.

**Grantor.** The word "Grantor" means IDEVELOPMENT, INC. DBA A & M TOWING.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Indebtedness.** The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, including all principal and interest together with all other indebtedness and costs and expenses for which Grantor is responsible under this Agreement or under any of the Related Documents.

**Lender.** The word "Lender" means COMMUNITY BANK, its successors and assigns.

**Note.** The word "Note" means the Note executed by IDEVELOPMENT, INC. DBA A & M TOWING in the principal amount of $309,000.00 dated August 2, 2002, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the note or credit agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Collateral Description" section of this Agreement.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

GRANTOR HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS COMMERCIAL SECURITY AGREEMENT AND AGREES TO ITS TERMS. THIS AGREEMENT IS DATED AUGUST 2, 2002.

GRANTOR:

IDEVELOPMENT, INC. DBA A & M TOWING

By: _____
VARTAN V. YACOUBIAN, President of
IDEVELOPMENT, INC. DBA A & M TOWING

By: _____
SHIREEN L. YACOUBIAN, Treasurer of
IDEVELOPMENT, INC. DBA A & M TOWING

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Carmen Espinosa (626) 568-2059

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Community Bank
790 E. Colorado Blvd., 3rd Floor, M/S 311
Pasadena, Ca  91101

| Filed in the office of | Document Number |
| --- | --- |
| | **2007008347-8** |
| *[signature]* | Filing Date and Time |
| Ross Miller | **03/19/2007 11:28 AM** |
| Secretary of State | |
| State of Nevada | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
2002023020-5

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION.**

| 6a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| Idevelopment, Inc. dba A & M Towing | | | |
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION.**

| 7a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
| --- | --- | --- | --- | --- |
| | | | | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| Community Bank | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
71100457 (92)

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV 07/29/98)

CREDI... WN
MAR 23 '07
LAC-9200

2002023020-5

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
LOC (626)974-1231

**B. SEND ACKNOWLEDGEMENT TO: (Name and Address)**

⌐
    **COMMUNITY BANK**
    **POST OFFICE BOX 54477**
    **LOS ANGELES, CA 90054**
∟

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME |
|---|
| **IDEVELOPMENT, INC. DBA A & M TOWING** |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **3045 SUNSET STREET** | **SAN DIEGO** | **CA** | **92110** | **USA** |

| 1d. TAX ID #. SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 33-0893154 | | Corporation | NV | ☒ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |
|---|
| |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #. SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| **COMMUNITY BANK** |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **POST OFFICE BOX 54477** | **LOS ANGELES** | **CA** | **90054** | |

**4.** This FINANCING STATEMENT covers the following collateral:
All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds)

| 5. ALTERNATIVE DESIGNATION (if applicable) | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE)  [optional] | ☒ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
71100457

Harland Financial Solutions
400 S.W. 6th Avenue, Portland, Oregon 97204

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10960 Wilshire Boulevard, Fourteenth Floor, Los Angeles, California 90024-3804.

    On October 2, 2007, I served the document described as **ANSWER OF DEFENDANT COMMUNITY BANK TO FIRST AMENDED COMPLAINT IN INTERPLEADER** on the interested parties in this action:

_X_ by placing __ the original _X_ a true copy thereof enclosed in
    sealed envelopes as follows:

**Donald Merkin, Esq.**
Merkin & Associates
4747 Morena Boulevard
Suite 302
San Diego, CA 92117
(Attorneys for Laurel Hill Escrow Services, Inc.)

Hugh A. McCabe, Esq.
David P. Hall, Esq.
Alan B. Graves, Esq.
Neil, Dymott, Frank, McFall & Trexler
1010 Second Avenue, Suite 2500
San Diego, CA 92101-4959
(Attorneys for Creditor Neil, Dymott, Frank, McFall & Trexler, APLC)

Harvey C. Berger, Esq.
Aaron a. Hayes, Esq.
Pope, Berger & Williams, LLP
550 West "C" Street, Suite 1400
San Diego, CA 92101
(Attorneys for George Ponce, Sr. and Bridget Legerrette)

_X_    **BY MAIL**
    __ I deposited such envelope in the mail at Los Angeles, California.
    The envelope was mailed with postage thereon fully prepaid.
    _X_ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _Los Angeles_, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

__ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

_X_    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on October 2, 2007, at Los Angeles, California.

Bernard B. Jarvis

1  STEPHEN F. LOPEZ, ESQ. (SBN 125058)
   GERACI & LOPEZ
2  Attorneys at Law
   13355 Midland Road
3  Suite 140
   Poway, California 92064
4  Telephone: (619) 231-3131
   Direct:    (858) 679-8151
5  Facsimile:  (619) 374-1911

6  Attorneys for Defendant/Cross Complainant ADVANTAGE TOWING COMPANY

7

8              SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO

9                              CENTRAL BRANCH

10

11 | LAUREL HILL ESCROW, a California     )  Case Number
   | Corporation,                         )  **37-2007-00066921-CU-MC-CTL**
12 |                                      )
   |           Plaintiff                  )  **ANSWER TO FIRST AMENDED**
13 |                                      )  **COMPLAINT**
   | v.                                   )
14 |                                      )  Complaint Filed:          May 22, 2007
   | IDEVELOPMENT INC., a California       )  I/C Judge:          Patricia W. A. Cowett
15 | corporation dba A & M TOWING;         )
   | ADVANTAGE TOWING COMPANY INC., )
16 | a California corporation; MICHAEL     )
   | BRANDEN, an individual; RE/MAX:      )
17 | COMMUNITY BANK; JIMMY                )
   | JOHNSON'S KEARNEY MESA               )
18 | CHEVROLET; LOMA RIVIERA 76; NCO )
   | FINANCIAL SYSTEMS INC.; BRIDGET      )
19 | LEGERRETTE; GEORGE PONCE; THE        )
   | HOSE PROS; VOIT COMMERCIAL           )
20 | BROKERAGE; WELCHES TIRES, INC.;      )
   | AT & T; and CALIFORNIA               )
21 | DEPARTMENT OF MOTOR VEHICLES         )
   |                                      )
22 |           Defendants                 )
   |_____)

23     COMES NOW Cross-Defendant Advantage Towing Company Inc., severing itself from

24  all other Defendants, and answers the First Amended Complaint on file herein as follows:

25     1. This answering Defendant admits the allegations of paragraph no. 1 of the First

26  Amended Complaint.

27  ///

28

2.  This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 2 of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

3.  This answering Defendant admits that it gave to Plaintiff the sum of $257,645.00 to Plaintiff, to be held pending acceptance of acceptable escrow instructions to be signed by buyer and seller and further admits that no signed escrow instructions were ever completed. This answering Defendant denies all remaining allegations in paragraph 3 of Plaintiff's First Amended Complaint.

4.  This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 4 of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

5.  This answering Defendant admits the allegations of paragraph no. 5 of the First Amended Complaint.

6.  This answering Defendant admits that Plaintiff told this answering Defendant Plaintiff would file an interpleader action. This answering Defendant has insufficient information or belief to admit or deny the remaining allegations of paragraph no. 6 of Plaintiff's First Amended Complaint and on that basis denies all such allegations contained therein.

7.  This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 7 of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

7. [sic]  This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 7 [sic] of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

8.  This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 8 of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

///

///

9.  This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 9 of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

10.  This answering Defendant alleges that it is the rightful owner of all of the funds deposited with the Court by Plaintiff and further alleges that all such funds should be returned to this answering Defendant as the sole owner thereof.

## FIRST AFFIRMATIVE DEFENSE

The allegations contained in the complaint herein do not state facts sufficient to state a cause of action against these answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

On information and belief, this answering defendant alleges that the claims of Plaintiff are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

On information and belief, this answering defendant alleges that the claims of Plaintiff are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

On information and belief, this answering defendant alleges that the claims of Plaintiff are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

On information and belief, this answering defendant alleges that the claims of Plaintiff are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that complaint's action is premature and a cause of action is therefore not stated by Plaintiff against Defendant.

///

///

///

///

01/31/2008 04:43 FAX  6192961143                                                              PAGE  05/05

01/31/2008  16:35   8585137569

# VERIFICATION

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I have read the foregoing **Answer to First Amended Complaint** and know its contents.

## [ ] CHECK APPLICABLE PARAGRAPHS

[ ]  I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[x]  I am [x] an Officer  [ ] a partner _____  [ ] a _____ of **Advanatge Towing Company Inc.** a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  [ ]  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.  [x] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]  I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, at _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Aymen Arrekat                                            _D. Orkat_
Type or Print Name                                          Signature

# PROOF OF SERVICE

1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF San Diego _____, State of California.

I am employed in the county of San Diego _____

I am over the age of 18 and not a party to the within action; my business address is:  **13355 Midland Road Suite 140 Poway CA 92064**

On **February 1, 2008**  I served the foregoing document described as **Answer to First Amended Complaint**

on **Laurel Hill Escrow** In this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

[x] by placing [ ] the original [x] a true copy thereof enclosed in sealed envelopes addressed as follows:

Don  Merkin
Merkin & Associates
4747 Morena Blvd
Suite 302
San Deigo CA 92117

[x] BY MAIL
  [ ] *I deposited such envelope in the mail at _____, California.
  The envelope was mailed with postage thereon fully prepaid.
  [x] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Poway _____ California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **February 1, 2008**, at **Poway** _____, California.

[ ] **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on **1/31/08**, at **Poway** _____, California.

[x] (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Stephen F. Lopez                                          _____
Type or Print Name                                          Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)
*(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
& Plus          Rev. 7/99

SUM-100

*Amended*

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* IDEVELOPMENT, INC., a California
corporation dba A & M Towing ; ADVANTAGE TOWING
COMPANY, INC., a California corporation; MICHAEL BRANDEN, an
individual; RE/MAX; COMMUNITY BANK;
Additional Parties Attachment Form is attached;
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LAUREL HILL ESCROW SERVICES, INC., a California corporation.

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2007 JUN 19 P 12: 38

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of San Diego, Central Division, 330 West Broadway, San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):* 37-2007-00066921-CU-MC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Donald Merkin, Esq., SBN 62121, Merkin & Associates,
4747 Morena Blvd., Suite 302, San Diego, CA 92117  T 858 454-3244  F 858 270-1420

| | | | |
|---|---|---|---|
| DATE: JUN 1 9 2007 *(Fecha)* | Clerk, by | M. SMITH | , Deputy *(Adjunto)* |
| | *(Secretario)* | | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Amended

SUM-200(A)

| SHORT TITLE:<br>Laurel Hill Escrow v. Idevelopment, et al | CASE NUMBER:<br>37-2007-00066921-CU-MC-CTL |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES.

Page 2 of 2

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2007 JUN 19 P 12: 38

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1 Donald Merkin, SBN 62121
Merkin & Associates, Attorneys
2 4747 Morena Boulevard, Suite 302
San Diego, California 92117
3 T 858 454-3244
F 858 270-1420

4

5 Attorney for Plaintiff Laurel Hill Escrow Services, Inc.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11 LAUREL HILL ESCROW SERVICES,          CASE NO.
   INC., a California                    37-2007-00066921-CU-MC-CTL
12 corporation,                              (Unlimited Civil Case)

13              Plaintiff,              FIRST AMENDED
   VS.                                  COMPLAINT IN INTERPLEADER
14                                          (C.C.P. § 386)
   IDEVELOPMENT, INC., a
15 California corporation dba
   A & M Towing ; ADVANTAGE
16 TOWING COMPANY, INC., a
   California corporation;
17 MICHAEL BRANDEN, an
   individual; RE/MAX; COMMUNITY
18 BANK; JIMMY JOHNSON'S KEARNY
   MESA CHEVROLET; LOMA RIVIERA
19 76; NCO FINANCIAL SYSTEMS,
   INC.; BRIDGET LEGERRETTE;
20 GEORGE PONCE; THE HOSE PROS;
   VOIT COMMERCIAL BROKERAGE;
21 WELCH'S TIRES, INC.; AT&T; and
   CALIFORNIA DEPARTMENT OF MOTOR
22 VEHICLES,

23              Defendants.

24

25      Plaintiff alleges:

26      1.  Plaintiff Laurel Hill Escrow Services, Inc. ("Laurel

27 Hill Escrow") is, and at all times herein mentioned was, a

28

968AA-P1   COMPLAINT IN INTERPLEADER

1 corporation, organized and existing under the laws of California

2 with its principal place of business in San Diego County,

3 California.  Plaintiff is, and at all times herein mentioned was,

4 an escrow agent duly licensed and authorized to do business as an

5 escrow company by the California Department of Corporations.

6    2. The following defendants, as creditors of A & M Towing,

7 have made the following claims to Laurel Hill Escrow:

| | | |
|---|---|---|
| Community Bank | $208,812.73 | A |
| Jimmy Johnson's Kearny Mesa Chevrolet | 1,596.98 | D |
| Loma Riviera 76 | 11,160.82 | |
| NCO Financial Systems, Inc. | 3,762.54 | D |
| Pope, Berger & Williams, LLP, as attorneys for Bridget Legerrette and George Ponce | 38,012.40 | A |
| The Hose Pros | 171.45 | |
| Voit Commercial Brokerage | 14,767.93 | |
| Welch's Tires, Inc. | 2,944.67 | |
| Michael Branden/Re/Max | 31,500.00 | |
| AT&T | 485.05 | |
| Calif. Department of Motor Vehicles | 1,922.00 | D |
| TOTAL | $315,136.57 | |

16    3. On April 27, 2007 defendants seller IDevelopment, Inc.

17 dba A & M Towing and buyer Advantage Towing Company, Inc. gave

18 plaintiff Laurel Hill Escrow $257,645.00 to be held in escrow

19 pending acceptable escrow instructions to be signed by buyer and

20 seller and to follow immediately. No signed escrow instructions

21 were ever given to and accepted by plaintiff.

22    4. After delivery of $257,645.00, various creditors sent

23 claims to Laurel Hill Escrow, notwithstanding that no escrow had

24 been opened and no bulk sale notice had been published.  Soon

25 these claims exceeded the total consideration of the purported

26 bulk sale.  Other claimants telephoned plaintiff, claiming that

27 even more debts and taxes were owed.

28

5. Michael Branden of ReMax, broker on the transaction, requested immediate payment of one-half of the $31,500.00 ReMax commission, which request was refused by plaintiff.

6.  Since plaintiff never received and accepted signed escrow instructions, and having received more in claims than the amount deposited, and having been told that $30,000.00 more had already been paid directly by the buyer to the seller, Plaintiff informed the buyer, seller and broker that, if and when the escrow was opened, it would be insolvent and Plaintiff would have to file an interpleader complaint immediately.

7.  Plaintiff gave the parties a reasonable time so as to obtain acceptable signed instructions to legitimize the sale and transfer the funds elsewhere.  Signed but illegible instructions were faxed to Laurel Hill Escrow, directing payment over to the seller's attorney's trust account.  When telephoned, that attorney was unable to accept the fund transfer.

7. Plaintiff is unable to determine the validity of the conflicting demands made by defendants as aforesaid, and cannot determine to whom the $257,645.00 belongs, and fears exposure to multiple liability if it delivers the escrow funds to any of the claimants.

8. Plaintiff is a mere stakeholder and claims no interest in the money aforesaid, except for expenses and attorneys fees in the amount of $5,577.50 incurred to date and paid, and may incur further costs and fees.

9. Concurrently with filing this complaint, plaintiff shall deposit the aforesaid money with the Clerk of this Court pursuant to *Calif. Civ. Proc. Code* § 386(c).

1     Wherefore, plaintiff prays for judgment as follows:

2     1.  That defendants and each of them be ordered to

3 interplead and litigate their claims to the money described in

4 this complaint;

5     2.  That plaintiff be discharged from liability to each of

6 said defendants with respect to said money; and

7     3.  That plaintiff be awarded costs and reasonable

8 attorney's fees to be paid to plaintiff from the money; and

9     4.  For such other and further relief as the Court deems

10 just.

11

Dated: May 31, 2007           Merkin & Associates

12

13

Donald Merkin, Attorney for
14 Plaintiff Laurel Hill Escrow
Services, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VERIFICATION

I, the undersigned, Maxine Beye,, am an officer of Laurel Hill Escrow Services, Inc., a party to this action.

I am authorized to verify the FIRST AMENDED Interpleader Complaint on behalf of Plaintiff Laurel Hill Escrow Services, Inc. and hereby verify that I have read the foregoing: FIRST AMENDED INTERPLEADER COMPLAINT.    The matters stated in it are true and of my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 10, 2007 at San Diego, California.

_Maxine M. Beye_
Maxine Beye for
Laurel Hill Escrow Services, Inc.
Via facsimile

1  Donald Merkin, SBN 62121
   Merkin & Associates, Attorneys
2  4747 Morena Boulevard, Suite 302
   San Diego, California 92117
3  T 858 454-3244
   F 858 270-1420

4

5  Attorney for Plaintiff Laurel Hill Escrow Services, Inc.

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

10                                    CASE NO. 37-2007-00066921-CU-MC-CTL
11  LAUREL HILL ESCROW SERVICES,           (Unlimited Civil Case)
    INC., a California
12  corporation,

13            Plaintiff,
    VS.                                  NOTICE OF DEPOSIT OF FUNDS
14                                       WITH CLERK OF COURT IN
    IDEVELOPMENT, INC., a                CONJUNCTION WITH FILING OF
15  California corporation;              COMPLAINT IN INTERPLEADER
    ADVANTAGE TOWING COMPANY,
16  INC., a California
    corporation; MICHAEL BRANDEN,
17  an individual; RE/MAX;
    COMMUNITY BANK; JIMMY
18  JOHNSON'S KEARNY MESA
    CHEVROLET; LOMA RIVIERA 76;
19  NCO; BRIDGET LEGERRETTE;
    GEORGE PONCE; THE HOSE PROS;
20  VOIT COMMERCIAL BROKERAGE;
    WELCH'S TIRES, INC.; and
21  AT&T,

22            Defendants.

23

24       NOTICE IS HEREBY GIVEN TO ALL PARTIES AND THEIR ATTORNEYS OF

25  RECORD that Plaintiff Laurel Hill Escrow Services, Inc. has,

26  along with the filing of the foregoing Complaint in Interpleader,

27  deposited with the Clerk of Court the sum of $252,067.50 (Two

28

1 | hundred fifty two thousand, sixty seven dollars and fifty cents).

2

3 | Dated: May 22, 2007                    Merkin & Associates

4

5 | Donald Merkin, Attorney for
   | Plaintiff Laurel Hill Escrow
   | Services, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAREN P. HEWITT
United States Attorney

TOM STAHL, California State Bar No. 78291
Assistant United States Attorney
Chief, Civil Division

LAUREN M. CASTALDI
JUSTIN S. KIM
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:    (202) 514-9668
Facsimile:    (202) 307-0054
E-mail:       lauren.m.castaldi@usdoj.gov
E-mail:       justin.s.kim@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES, INC., a California corporation, <br><br>        Plaintiff, <br><br>      v. <br><br> IDEVELOPMENT, INC., a California corporation dba A&M TOWING; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, <br><br>        Defendants, <br><br>      v. | Case No. <br><br> CERTIFICATE OF SERVICE <br><br> Removed from San Diego County, California Superior Court Case No. 37-2007-00066921-CU-MC-CTL |

-1-                 Certificate of Service

1    THE UNITED STATES OF AMERICA,    )

2                Defendant.    )

3                           )

    _____ )

4

5        I HEREBY CERTIFY that service of the United States' NOTICE OF REMOVAL, has been made

this 11th day of February, 2008, by United States' Mail to:

6

7   Donald Merkin

8   Merkin & Associates

    4747 Morena Blvd. Suite 302

9   San Diego, CA 92117

    (Attorney for Plaintiff)

10   Aaron A. Hayes

    Pope, Berger & Willams, LLP

11   550 West C Street, Suite 1400

    San Diego, CA 92101

12   (Attorney for Defendant Ponce and Liggerette)

13   Steve Lopez, Esq.

    Geraci & Lopez

14   13355 Midland Road

    Suite 140

15   Poway, CA 92064

    (Attorney for Advantage Towing)

16

    Cynthia M. Jones, Esq.

17   Avatar Legal

    12626 High Bluff Drive

18   Suite 360

    San Diego, CA 92130

19   (Attorney for Idevelopment)

20   Mark L. Share, Esq.

    De Castro, West, Chodorow, Glickfeld & Nass, Inc.

21   10960 Wilshire Blvd.. 14" Floor

    Los Angeles, CA 90024-3881

22   (Attorneys for Community Bank)

23   Hugh A. McCabe, Esq.

    Neil, Dymott, Frank, McFall, & Trexler

24   1010 Second Avenue, Suite 2500

    San Diego, CA 92101-4959

25   (special notice - lien holder for attorney fees)

26   The Hose Pros

    7375 Convoy Court

27   San Diego, CA 92117

28                          -2-                      Certificate of Service

1    Voit Commercial Brokerage
     4370 La Jolla Village Drive
2    Suite 990
     San Diego, CA 92122

3

     Welch's Tires, Inc.
4    3724 Main Street
     San Diego, CA 92113

5

     ReMax
6    23586 Calabasas Road
     Suite 105
7    Calabasas, CA 91302

8    Michael Brandon
     Re/Max Commercial
9    5340 Las Virgenes Road #1
     Calabasas, CA 91302
10   (in pro per)

11   Loma Riviera 76 Station
     4049 W. Point Loma Blvd.
12   San Diego, CA 92110

13

14

15                                      _Tom Stahl_ AUSA
                                        /s/ Lauren M. Castaldi
16                                      LAUREN M. CASTALDI
                                        Trial Attorney, Tax Division
17                                      U.S. Department of Justice
                                        Attorney for the United States of America
18

19

20

21

22

23

24

25

26

27

28
                          -3-                        Certificate of Service