STEPHEN F. LOPEZ, ESQ. (SBN 125058)
GERACI & LOPEZ
Attorneys at Law
13355 Midland Road
Suite 140
Poway, California 92064
Telephone: (619) 231-3131
Direct:      (858) 679-8151
Facsimile:  (619) 374-1911

FILED
JUN 0 6 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

Attorneys for Defendant/Cross Complainant ADVANTAGE TOWING COMPANY

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO

CENTRAL BRANCH

| | |
|---|---|
| LAUREL HILL ESCROW, a California Corporation,<br><br>Plaintiff<br><br>v.<br><br>IDEVELOPMENT INC., a California corporation dba A & M TOWING; ADVANTAGE TOWING COMPANY INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNEY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS INC.; BRIDGET LEGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCHES TIRES, INC.; AT & T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES<br><br>Defendants | Case Number<br>37-2007-00066921-CU-MC-CTL<br><br>ANSWER TO FIRST AMENDED COMPLAINT<br><br>Complaint Filed:      May 22, 2007<br>I/C Judge:      Patricia W. A. Cowett |

    COMES NOW Cross-Defendant Advantage Towing Company Inc., severing itself from all other Defendants, and answers the First Amended Complaint on file herein as follows:

    1. This answering Defendant admits the allegations of paragraph no. 1 of the First Amended Complaint.

///

2. This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 2 of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

3. This answering Defendant admits that it gave to Plaintiff the sum of $257,645.00 to Plaintiff, to be held pending acceptance of acceptable escrow instructions to be signed by buyer and seller and further admits that no signed escrow instructions were ever completed. This answering Defendant denies all remaining allegations in paragraph 3 of Plaintiff's First Amended Complaint.

4. This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 4 of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

5. This answering Defendant admits the allegations of paragraph no. 5 of the First Amended Complaint.

6. This answering Defendant admits that Plaintiff told this answering Defendant Plaintiff would file an interpleader action. This answering Defendant has insufficient information or belief to admit or deny the remaining allegations of paragraph no. 6 of Plaintiff's First Amended Complaint and on that basis denies all such allegations contained therein.

7. This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 7 of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

7. [sic] This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 7 [sic] of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

8. This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 8 of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

///

///

9. This answering Defendant has insufficient information or belief to admit or deny the allegations of paragraph no. 9 of Plaintiff's First Amended Complaint and on that basis denies all allegations contained therein.

10. This answering Defendant alleges that it is the rightful owner of all of the funds deposited with the Court by Plaintiff and further alleges that all such funds should be returned to this answering Defendant as the sole owner thereof.

### FIRST AFFIRMATIVE DEFENSE

The allegations contained in the complaint herein do not state facts sufficient to state a cause of action against these answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

On information and belief, this answering defendant alleges that the claims of Plaintiff are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

On information and belief, this answering defendant alleges that the claims of Plaintiff are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

On information and belief, this answering defendant alleges that the claims of Plaintiff are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

On information and belief, this answering defendant alleges that the claims of Plaintiff are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that complaint's action is premature and a cause of action is therefore not stated by Plaintiff against Defendant.

///

///

///

///

## SEVENTH AFFIRMATIVE DEFENSE

This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether said Defendant may have additional, as yet unstated, affirmative defenses. This answering Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicated to do so would be appropriate.

Dated: January 31, 2008        GERACI & LOPEZ

By: _____
Stephen F. Lopez, Attorneys for Defendant/Cross Complainant Advantage Towing Company

# VERIFICATION

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I have read the foregoing __Answer to First Amended Complaint__ and know its contents.

**CHECK APPLICABLE PARAGRAPHS**

[ ] I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[X] I am [X] an Officer [ ] a partner _____ [ ] a _____ of __Advanatge Towing Company Inc.__, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [ ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [X] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ] I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, at _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__Aymen Arrekat__
Type or Print Name

Signature: D. Orkat

# PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF San Diego

I am employed in the county of __San Diego__, State of California. I am over the age of 18 and not a party to the within action; my business address is: __13355 Midland Road Suite 140 Poway CA 92064__

On __February 1, 2008__ I served the foregoing document described as __Answer to First Amended Complaint__ on __Laurel Hill Escrow__ in this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

[X] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

Don Merkin
Merkin & Associates
4747 Morena Blvd
Suite 302
San Deigo CA 92117

[X] BY MAIL

[ ] *I deposited such envelope in the mail at _____, California. The envelope was mailed with postage thereon fully prepaid.

[X] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at __Poway__ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on __February 1, 2008__, at __Poway__, California.

[ ] **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressees.

Executed on __1/31/08__, at __Poway__, California.

[X] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

__Stephen F. Lopez__
Type or Print Name

Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus          Rev. 7/99