KAREN P. HEWITT
United States Attorney

TOM STAHL, California State Bar No. 78291
Assistant United States Attorney
Chief, Civil Division

LAUREN M. CASTALDI
JUSTIN S. KIM
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:      (202) 514-9668
Facsimile:       (202) 307-0054
E-mail:            lauren.m.castaldi@usdoj.gov
E-mail:            justin.s.kim@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES, INC., a California corporation,<br><br>             Plaintiff,<br><br>   v.<br><br>IDEVELOPMENT, INC., a California corporation dba A&M TOWING; ADVANTAGE TOWING COMPANY, INC., a California corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC.; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,<br><br>             Defendants,<br><br>   v. | Case No.  08-CV-0301-H-JMA<br><br>**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR DISCHARGE OF STAKEHOLDER IN INTERPLEADER ACTION**<br><br>**Hearing Date: July 17, 2008**<br>**Time: 1:30 p.m.**<br>**Court: 6** |

|   |   |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |
|   | ) |

      The United States of America ("United States") by and through its undersigned counsel, hereby submits the following Opposition to Plaintiff's Motion for Discharge of Stakeholder in Interpleader Action.

      Plaintiff moves this Court for attorneys fees amounting to $2,575.00 for its involvement in this action. The United States opposes this motion because Plaintiff is not entitled to fees as the United States' claim to the limited interpled funds has priority over a claim for attorney's fees.

      The United States' interest takes priority over any claim for attorney's fees by Plaintiff's attorney. While the court may generally grant attorney's fees in an interpleader action, the Ninth Circuit has recognized that United States' federal tax liens take priority over attorney's fees claims to interpled funds. See Abex Corp. v. Ski's Enters., Inc., 748 F.2d 513, 516-17 (9th Cir. 1984) ("[T]he existence of prior federal tax liens gives the government a statutory priority over the interpleader plaintiff's ability to diminish the fund by an award of fees."); see also United States v. Liverpool & London & Globe Ins. Co., 348 U.S. 215, 217 (1955); Seaboard Sur. Co. v. Unite States, 306 F.2d 855, 860 (9th Cir. 1962); Bank of America Nat. Trust and Sav. Ass'n v. Mamakos, 509 F.2d 1217, 1219 (9th Cir. 1975). As the Court notes in Abex Corp., 26 U.S.C. § 6322 states that a lien "shall continue until the liability for the amount so assessed . . . is satisfied or becomes enforceable by reason of lapse of time." 26 U.S.C. § 6322. Therefore, the Court held that, the interpled fund is protected from attorney's fee reductions prior to satisfaction of the federal tax lien. See Abex Corp., 748 F.2d at 517. In the present action, the interpled funds are insufficient to satisfy the United States' liens and any award of attorney's fees would only further reduce any recovery by the United States. As such, Plaintiff is not entitled to attorney's fees absent the satisfaction of the liabilities owed to the United States.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Discharge of Stakeholder in Interpleader Action should be denied.

Respectfully submitted this 2nd day of July, 2008.

        KAREN P. HEWITT
        United States Attorney

        TOM STAHL
        Assistant United States Attorney
        Chief, Civil Division

        /s/ Lauren Castaldi
        JUSTIN S. KIM
        LAUREN M. CASTALDI
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        Attorneys for the United States of America