# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> IDEVELOPMENT, INC. d/b/a A&M TOWING; ADVANTAGE TOWING COMPANY, INC.; MICHAEL BRANDEN; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, <br><br> Defendants, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 08CV301 JLS (JMA) <br><br> **ORDER ON FILING OF OPPOSITION AND REPLY BRIEFS REGARDING PLAINTIFF'S MOTION TO BE RELIEVED OF INTERPLEADER LIABILITY AND RECOVER ATTORNEY'S FEES** |

This case is an interpleader action removed from San Diego County Superior Court. On February 15, 2008, after its motion to intervene was granted in the Superior Court, the United States of America filed the notice of removal. (Doc. No. 1.) On May 2, 2008, Laurel Hill Escrow

1  Services, Inc. ("plaintiff") filed a motion for discharge of liability, dismissal from the interpleader
2  action, and attorney's fees in the amount of $2,575. (Doc. No. 17.) That motion was set for
3  hearing on July 17, 2008.[1] Only one defendant—the United States of America—filed a timely
4  opposition to the motion. (Doc. No. 27.) Plaintiff did not file a reply brief in support of its
5  motion.

6      On July 14, 2008, three days before the scheduled hearing, defendant Community Bank
7  filed its opposition to the motion. (Doc. No. 29.) Community Bank's opposition referenced its
8  filings regarding a similar motion that plaintiff had made in Superior Court. Community Bank's
9  opposition was untimely because it was filed fewer than fourteen calendar days prior to the
10 hearing date. See Civ. L.R. 7.1(e)(2). Community Bank failed to comply with Federal Rule of
11 Civil Procedure 6(b)(1)(B) because it did not file an ex parte motion for enlargement of time,
12 establishing that (1) an enlargement of time would be for good cause and (2) Community Bank's
13 failure to file a timely opposition was the result of "excusable neglect".

14     Therefore, the Court **ORDERS** Community Bank to show cause why the Court should not
15 strike its opposition memorandum for untimeliness. Community Bank **SHALL RESPOND** to this
16 Order within seven (7) calendar days of the date that this Order is docketed. Community Bank's
17 response **SHALL TAKE** the form of an ex parte motion for enlargement of time, pursuant to
18 FRCP 6(b)(1)(B).

19     Any other party[2] wishing to oppose plaintiff's motion **SHALL FILE** its opposition
20 memorandum within seven (7) calendar days of the date that this Order is docketed. Any
21 opposition filed during this period **SHALL BE ACCOMPANIED** by an ex parte motion for
22 enlargement of time, pursuant to FRCP 6(b)(1)(B). Failure to file an opposition during this time
23 frame **SHALL BE CONSTRUED** as non-opposition to plaintiff's motion. The Court **SHALL**
24 **NOT CONSIDER** documents filed in Superior Court in deciding the motion presently before the
25 Court.

---

27     [1] Given the current state of the motion papers, the Court has taken the matter off calendar. Th Court will notify the parties if the Court resets the matter for hearing at a later date.

28     [2] This paragraph of the Court's Order does not apply to the United States of America, which already filed a timely opposition, or Community Bank.

1   Plaintiff **SHALL AWAIT** further Order of the Court before filing a reply in this case.

2   IT IS SO ORDERED.

4   DATED: July 16, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge