Mark L. Share (SBN 149202)
Yona Conzevoy (SBN 233055)
De CASTRO, WEST, CHODOROW,
 GLICKFELD & NASS, INC.
10960 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
Telephone: (310) 478-2541
Facsimile: (310) 473-0123
Email: mshare@dwclaw.com

Attorneys for Defendant
COMMUNITY BANK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES, INC., a California corporation,,<br><br>Plaintiff,<br><br>v.<br><br>IDEVELOPMENT, Inc., a California corporation dba A&M TOWING; ADVANTAGE TOWING COMPANY, INC., a California Corporation; MICHAEL BRANDEN, an individual; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC., AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, THE UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO.: 08-CV-0301-JLS-JMA<br><br>[removed from San Diego County Superior Court Case No. 37-2007-00066921-CU-MC-CTL]<br><br>**DEFENDANT COMMUNITY BANK'S *EX PARTE* APPLICATION OF ENLARGING TIME TO FILE OPPOSITION MEMORANDUM; DECLARATION OF MARK L. SHARE; EXHIBIT**<br><br>*[NO HEARING REQUIRED]*<br><br>Date:<br>Time:<br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 6 |

In compliance with the Court's July 16, 2008 ORDER on Filing of Opposition and Reply Briefs regarding Plaintiff's Motion to be Relieved of Interpleader Liability and Recover Attorney's Fees, Defendant and Secured Creditor Community Bank

1

("Bank") hereby moves the Court *ex parte* for an enlargement of time to file its Opposition to the Motion of Plaintiff Laurel Hill Escrow Services, Inc. ("Plaintiff") to be Relieved of Interpleader Liability and Recover Attorney's Fees (the "Opposition"), so that the Opposition, which was filed on July 14, 2008, not be stricken for untimeliness. The Bank has not sought or obtained any previous extensions of time.

The Court has authority to grant the enlargement of time pursuant to Fed. Rule of Civ. Proc. 6 (b)(1)(B), which allows the court, for good cause, to extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." According to the Supreme Court, "it is clear that 'excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership (1993) 507 US 380, 392. Furthermore, the determination of what sorts of neglect will be considered excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. The relevant circumstances surrounding the Bank's untimely Opposition weigh in favor of allowing the Opposition.

Bank, holder of a United States Small Business Association Loan, and Defendant United States of America (the "IRS") having an IRS claim, both being creditors of Plaintiff and seeking to avoid a loss to taxpayers, have overlapping interests in this case and, for purposes of efficiency and judicial economy, agreed to cooperate in this litigation to conserve legal fees and promote efficiency, with the IRS initially assuming most of the burden. The IRS filed the Opposition to Plaintiff's Motion to be Relieved of Interpleader Liability and Recover Attorney's Fees. After the deadline for filing its own Opposition had passed, the Bank reviewed the IRS's

Opposition, determined that it would be helpful to this Court to raise two additional points, and decided to address these points by filing an additional Opposition. These two points (1 - that Plaintiff has not established that it has brought the case to issue by serving all defendants and making certain that they had appeared or else taken then defaults, and 2 – that Plaintiff concedes in other papers that it improperly took funds from escrow for legal fees *before* depositing the balance with the Court) were already part of the record, as they were included in the Bank's State Court Opposition to the Plaintiff's State Court Motion to be Dismissed and Released From Liability (the "State Court Opposition"), filed on January 14, 2008.[1] (The merits of the first point caused Plaintiff's motion to be continued in the State Court.) Attached as Exhibit "A" and incorporated herein by reference is a copy of the Bank's State Court Opposition. The IRS did not file a State Court Opposition because it was not a party to the State Court Proceedings until January 25, 2008. The Bank filed its Opposition to assure that the points previously raised in the State Court Opposition would be considered by this Court in deciding Plaintiff's Motion.

    The Opposition cannot be prejudicial to Plaintiff as it has been aware of the points in the Opposition since January 14, 2008, when it was served with the State Court Opposition. Furthermore, the impact of the Bank's Opposition on the judicial proceedings will be minimal, as the points raised in the Opposition were already before the Court as part of the record, and the essential point is to permit the Court to evaluate whether all defendants are before the Court or defaulted before entering a judgment in favor of Plaintiff. The Bank did not file the Opposition earlier because it had no plans to file an Opposition until after it was served with the IRS's Opposition and determined that the Court should have been informed of the two additional points found in the Bank's State Court Opposition. The Bank acted in good faith in filing the Opposition because it wanted to make certain that the points raised by its State Court

---

[1] The State Court Opposition should be part of this Case's record as on the same date that the IRS filed its Notice of Removal on February 11, 2008, it asked the State Court Clerk to transfer all previously filed documents to Federal Court.

1  Opposition would be considered by the Court before ruling on Plaintiff's Motion. The
2  foregoing circumstances establish that the Opposition was untimely due to excusable
3  neglect, and therefore good cause exists for enlargement of time.
4      In the future, the Bank will work even more closely with the IRS to coordinate
5  arguments so that this sort of situation does not recur.
6      Based on the foregoing reasons, the Bank respectfully requests that the Court
7  enlarge time through July 14, 2008 to file the Opposition.

9  Date: July 17, 2008

De CASTRO, WEST, CHODOROW,
GLICKFELD & NASS, INC.

*/s/ Mark L. Share*

Mark L. Share
Attorneys for Defendant
COMMUNITY BANK

## DECLARATION OF MARK L. SHARE

Mark L. Share declares as follows:

1. If called upon to testify as a witness, I could and would testify to the following facts, all of which are within my own personal knowledge, except as to those matters alleged on information and belief, and as to those matters, I believe them to be true.

2. I am an attorney at law, duly admitted to practice law before all the State Courts of the State of California and the United States District Court for the Southern District of California. I am a partner at the law firm of De Castro, West, Chodorow, Glickfeld, and Nass, Inc., which represents Defendant Community Bank ("Bank").

3. The Bank has not sought or obtained any previous extensions of time to file its Opposition Memorandum.

4. On January 14, 2008, the Bank filed its State Court Opposition to the Motion of Plaintiff to be Dismissed and Released from Liability (the "State Court Opposition"). The State Court Opposition contained virtually the same points that were raised in the Bank's Opposition Memorandum. The State Court Opposition was served on Plaintiff Laurel Hill Escrow Services, Inc. ("Plaintiff") the same day it was filed. A true and correct copy of the State Court Opposition is attached hereto as Exhibit A.

5. On January 25, 2008, the State Court granted Defendant United States of America's (the "IRS") Motion to Intervene in the case. The IRS filed a Notice of Removal on February 11, 2008. According to Lauren Castaldi, Attorney for the IRS, the State Court Clerk was asked to transfer all previously filed documents to Federal Court on the same date.

6. Bank and the IRS are both creditors of Plaintiff. Bank is the holder of a United States Small Business Association Loan and the IRS has an IRS claim. Both are creditors of Plaintiff and seek to avoid a loss to taxpayers. Bank and the IRS have overlapping interests in this case, and for purposes of efficiency and judicial economy

1. agreed to cooperate in this litigation to conserve legal fees and promote efficiency, with the IRS initially assuming most of the burden. The IRS filed the Opposition to Plaintiff's Motion to be Dismissed and Released from Liability. After the deadline for filing its own Opposition had passed, the Bank reviewed the IRS's Opposition, determined that it would be helpful to this Court to raise two additional points, and decided to address these points by filing an additional Opposition. These two points (1 - that Plaintiff has not established that it has brought the case to issue by serving all defendants and making certain that they had appeared or else taken then defaults, and 2 – that Plaintiff concedes in other papers that it improperly took funds from escrow for legal fees *before* depositing the balance with the Court) were already part of the record, as they were included in the Bank's State Court Opposition to the Plaintiff's State Court Motion to be Dismissed and Released From Liability (the "State Court Opposition"), filed on January 14, 2008. (The merits of the first point caused Plaintiff's motion to be continued in the State Court.) The State Court Opposition should be part of this Case's record as on the same date that the IRS filed its Notice of Removal on February 11, 2008, it asked the State Court Clerk to transfer all previously filed documents to Federal Court.

7. The IRS did not file a State Court Opposition because it was not a party to the State Court Proceedings until January 25, 2008. Bank filed its Opposition in this Court to assure that the points previously raised in the State Court Opposition would be considered by the Court in deciding Plaintiff's Motion.

8. In the future, the Bank will work even more closely with the IRS to coordinate arguments so that this sort of situation does not recur.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 17, 2008 at Los Angeles, California.

*[Signature: Mark L. Share]*

MARK L. SHARE

# EXHIBIT

# A

| | |
|---|---|
| 1  De CASTRO, WEST, CHODOROW,<br>    GLICKFELD & NASS, INC.<br>2  MARK L. SHARE (State Bar No. 149202)<br>    10960 Wilshire Blvd., Suite 1400<br>3  Los Angeles, CA 90024-3881<br>    (310) 478-2541<br>4  Fax: (310) 473-0123<br><br>5  Attorney for Defendant<br>    Community Bank | F I L E D<br>Clerk of the Superior Court<br><br>JAN 1 4 2008<br><br>By: _____, Deputy |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES,<br>INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>IDEVELOPMENT, INC., a California<br>corporation dba A & M Towing;<br>ADVANTAGE TOWING COMPANY,<br>INC., a California corporation; MICHAEL<br>BRANDEN, an individual; RE/MAX;<br>COMMUNITY BANK; JIMMY<br>JOHNSON'S KEARNY MESA<br>CHEVROLET; LOMA RIVIERA 76; NCO<br>FINANCIAL SYSTEMS, INC.; BRIDGET<br>LEGERRETTE; GEORGE PONCE; THE<br>HOSE PROS; VOIT COMMERCIAL<br>BROKERAGE; WELCH'S TIRES, INC.;<br>AT&T; and CALIFORNIA DEPARTMENT<br>OF MOTOR VEHICLES,<br><br>    Defendants. | CASE NO.<br>37-2007-00066921-CU-MC-CTL<br>(Unlimited Civil Case)<br><br>**OPPOSITION TO THE MOTION OF<br>PLAINTIFF TO BE DISMISSED AND<br>RELEASED FROM LIABILITY;<br>REQUEST FOR SETTING OF OSC<br>RE PLAINTIFF'S FAILURE TO<br>ENTER DEFAULTS AND FAILURE<br>TO DEPOSIT ALL FUNDS WITH<br>COURT**<br><br>[*Telephonic Appearance Requested*]<br><br>Date:    January 25, 2008<br>Time:    10:30 a.m.<br>Dept:    C-67<br>Judge:   Hon. Patricia A.Y. Cowett |

Defendant and Secured Creditor Community Bank ("Bank") hereby presents its Opposition to the Motion of Plaintiff Laurel Hill Escrow Services, Inc. ("Plaintiff") to be dismissed, released from liability and for the determination of attorneys' fees.

7

OPPOSITION TO PLAINTIFF'S MOTION TO BE DISMISSED, ETC.

## I. INTRODUCTION

Bank wishes it could support this Motion, but Plaintiff's attorney has, unfortunately, willfully violated the Rules of Court by failing to enter defaults and bring this matter to issue, despite the passage of eight months since filing this lawsuit and incurring approximately $7,000 in attorneys' fees, more than $5,000 of which Plaintiff unilateral took from the funds in clear violation of the applicable law. Bank requests that the Court continue this hearing for 30 days and set an OSC why sanctions should not be imposed against Plaintiff for not entering the defaults of 11 named defendants Advantage Towing Company, Inc., Michael Branden, Re/Max, Jimmy Johnson's Kearny Mesa Chevrolet, Loma Riviera 76, NCO Financial Systems, Inc., The Hose Pros, Voit Commercial Brokerage, Welch's Tires, Inc. AT&T, and California Department of Motor Vehicles. Bank also requests that the Court set an Order to Show Cause ("OSC") as to why Plaintiff should not be required to deposit with the Court the $5,577.50 of the funds it wrongly took for itself.

## II. AN INTERLOCUTORY JUDGMENT REGARDING PLAINTIFF'S LIABILITY CANNOT BE ENTERED UNTIL THE NAMED DEFENDANTS HAVE ANSWERED OR BEEN DEFAULTED

In the first stage of an interpleader action, which is the subject of Plaintiff's pending motion, the Court determines whether the interpleading party is entitled to maintain an action in interpleader and enters an interlocutory judgment requiring the adverse claimants to litigate their claims among themselves. (*Great-West Life Assur. Co. v. Superior Court* (1969) 271 Cal. App. 2d 124, 126-127; *Dial 800 v. Fesbinder* (2004) 118 Cal. App. 4th 32, 42-43.)

Unfortunately, no interlocutory judgment can be entered because Plaintiff's attorney, Donald Merkin, as he told the undersigned and the attorneys for George Ponce, Sr. Bridget Legerette and iDevelopment, Inc., gave indefinite open extensions to all the named defendants, so that the case is not at issue. Merkin stated that he wanted the defendants to not have to pay filing fees to the Court, and acknowledged that his actions were contrary to the Rules of Court. Yet,

Merkin inexplicably set this matter for hearing knowing that several defendants had not appeared or had their defaults entered.

San Diego Superior Court Rule 2.1.7 states that "the plaintiff must request entry of default forthwith" after the expiration of the statutory time to answer. Rule 2.1.10 states that cases are only "'at issue' when all parties are before the court and challenges to pleadings are complete, or the deadlines set by the court fo the completion of these events have passed." The Plaintiff must prepare and serve Requests for Entry of default as to the non-answering defendants, who are everyone except the Bank, George Ponce, Sr., Bridget Legerrette, and iDevelopment, Inc.

The Bank has no personal knowledge as to whether or not the other defendants have been served, although Plaintiff provides a conclusory declaration of "Alice Starr" that says they have.

Therefore, the Bank requests that this hearing and the simultaneously scheduled Case Management Conference ("CMC") be continued 30 days and an Order to Show Cause as to why it has not entered the defaults of all named defendants set for hearing at the same time, and authorize the appearing defendants to seek sanctions, as an offset to Plaintiffs' request for attorneys' fees, for the defendants fees in appearing at and responding to this first, belated (after eight months), and yet premature motion as defendants have not been defaulted.

## III. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS MISLEADING, IMPROPER, PREMATURE, AND EXCESSIVE

As a matter of law, no plaintiff in an interlocutory decree action is entitled to its attorneys' fees; the award of such fees from the amount deposited is always discretionary with the Court. (Code Civ. Proc. § 386.6(a).) Any fees awarded effectively give the Plaintiff a priority as to the funds deposited with the Court and reduce funds available to other creditors, no matter how deserving. A plaintiff who has not completed all of the steps in Section 386 should not be considered for discretionary fees; and this Plaintiff wrongfully did not complete the step of depositing ALL the funds it was holding.

What Plaintiff did, apparently out of fear that the Court would not award it all of the fees it would request, was take $5,577.50 from the fund *before* depositing it with the Court. This

9

1  impropriety is not disclosed in Plaintiff's Motion; it is admitted in the First Amended Complaint at
2  paragraphs 7 and 8. Because Plaintiff did not deposit all of the funds into the Court, it has not met
3  the condition for being considered for discretionary fees. (Code Civ. Proc. § 386.6(a); *Phillips v.*
4  *Barton* (1962) 207 Cal. App. 2d 488, 495.)

5  The Bank requests that the Court set an Order to Show Cause why Plaintiff should not
6  deposit the $5,577.50 into the Court with the remainder of the funds to be available to all creditors.

7  Furthermore, Plaintiff has dragged on this initial stage of the proceedings for eight months
8  since it filed the lawsuit, accomplishing nothing but delay, and without bringing the case to issue.
9  Merkin provides a Declaration of lay person Maxine Beye, and has her claim her stroke, as
10 opposed to Merkin's inaction caused the delay, but Beye's declaration, which has no substance,
11 adds nothing to this hearing and did not need to be filed let alone cause a delay in this proceeding.

12 The Bank suggests that the proper award of fees is substantially less than approximately
13 $7,000, and moreover, that Plaintiff should seek payment as a general creditor in the proceedings,
14 sharing in the pot rather than being paid first. Although at the time of the interlocutory judgment
15 the amount of Plaintiff's fees are determined, the Court may postpone until the final judgment a
16 determination of the source of payment of those fees. (*Great-West Life, supra,* 271 Cal. App. 2d at
17 p. 128.)

### IV. CONCLUSION

The Bank respectfully requests that the Court continue this hearing and the CMC for 30 days and issue an Order to Show Cause directing Plaintiff to show cause why it should not be sanctioned for having failed to timely enter the defaults of defendants, and why it should not deposit the remaining $5,577.50 into the Court.

Dated: January 11, 2008

De CASTRO, WEST, CHODOROW,
GLICKFELD & NASS, INC.

By: /s/ Mark L. Share
Mark L. Share
Attorneys for Defendant
Community Bank

M:\FirmDocs\MLS\Community Bank\A&M Towing\Motions\Opposition to Escrow Motion.rev2.wpd

**10**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10960 Wilshire Boulevard, Fourteenth Floor, Los Angeles, California 90024-3804.

On January 11, 2008, I served the document described as **OPPOSITION TO THE MOTION OF PLAINTIFF TO BE DISMISSED AND RELEASED FROM LIABILITY; REQUEST FOR SETTING OF OSC RE PLAINTIFF'S FAILURE TO ENTER DEFAULTS AND FAILURE TO DEPOSIT ALL FUNDS WITH COURT** on the interested parties in this action:

_X_ by placing __ the original _X_ a true copy thereof enclosed in sealed envelopes as follows:

Donald Merkin, Esq.
Merkin & Associates
4747 Morena Boulevard, Suite 302
San Diego, CA 92117
(Attorneys for Laurel Hill Escrow Services, Inc.)
Fax: 858-270-1420

Cynthia D. M. Jones, Esq.
Avatar Legal
12626 High Bluff Drive, Suite 360
San Diego, CA 92130
(Attorneys for Idevelopment, Inc.)
Fax: 858-793-9801

Aaron A. Hayes, Esq.
Pope, Berger & Williams, LLP
550 West "C" Street, Suite 1400
San Diego, CA 92101
(Attorneys for George Ponce, Sr. and Bridget Legerrette)
Fax: 619-236-9677

_X_   **BY MAIL**

_X_  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

AND:

_X_  **BY TELECOPY**
     **TO:** The fax numbers listed.

_X_   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 11, 2008, at Los Angeles, California.

Bernard B. Jarvis

11

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10960 Wilshire Boulevard, Fourteenth Floor, Los Angeles, California 90024-3804.

  On **July 17, 2008**, I served the document described as **DEFENDANT COMMUNITY BANK'S *EX PARTE* APPLICATION OF ENLARGING TIME TO FILE OPPOSITION MEMORANDUM; DECLARATION OF MARK L. SHARE; EXHIBIT** on the interested parties in this action:

 \_\_\_ by placing the true copies thereof in sealed envelopes as stated on the attached mailing list:

 \_\_\_ by placing \_\_\_\_\_ the original \_\_\_\_\_ a true copy thereof enclosed in sealed envelopes as follows:

**BY FACSIMILE**

 X To the Fax numbers listed on the attached Service List.

  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

 \_\_\_ **(BY PERSONAL SERVICE)** I delivered such an envelope by had to the offices of the addressee.

 **(Federal)** I declare I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

 Executed on **July 17, 2008**, at Los Angeles, California.

          *Bernard B. Jarvis*

# SERVICE LIST

| | |
|---|---|
| Donald Merkin, Esq.<br>Merkin & Associates<br>4747 Morena Boulevard<br>Suite 302<br>San Diego, CA 92117-2305<br>*Fax: 858-270-1420*<br>(attorneys for A&M Towing) | Lauren Castaldi, Esq.<br>United States Department of Justice<br>Civil Tax Division<br>P.O. Box 683<br>Washington, D.C. 20044<br>*Fax: 202-307-0054*<br>(Lead Attorney, US DOJ) |
| Harvey C. Berger, Esq.<br>Pope, Berger & Williams, LLP<br>550 West "C" Street, Suite 1400<br>San Diego, CA 92101<br>*Fax: 619-236-9677*<br>(Attorneys for George Ponce, Sr. and Bridget Legerrette) | Alan B. Graves, Esq.<br>Neil, Dymott, Frank, McFall & Trexler<br>A Professional Law Corporation<br>1010 Second Avenue, Suite 2500<br>San Diego, CA 92101-4959<br>*Fax: 619-238-1562*<br>(Attorneys for Creditor Neil, Dymott, Frank, McFall & Trexler, APLC) |
| Cynthia D. M. Jones, Esq.<br>Avatar Legal<br>12626 High Bluff Drive, Suite 360<br>San Diego, CA 92130<br>*Fax: 858-793-9801*<br>(Attorneys for Idevelopment, Inc.) | Stephen F. Lopez, Esq.<br>Geraci & Lopez<br>13355 Midland Road<br>Suite 130<br>Poway, CA 92064<br>*Fax: 619-374-1911*<br>(Attorneys for Advantage Towing) |
| Michael Branden<br>Re/Max Commercial<br>P.O. Box 245<br>Woodland Hills, CA 91365.<br>Phone & Fax: *818-522-6060*<br>*Call Before Faxing*<br>(In Pro Per) | |

DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.
FOURTEENTH FLOOR EAST
10960 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90024-3881
TELEPHONE (310) 478-2541