# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL HILL ESCROW SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> IDEVELOPMENT, INC. d/b/a A&M TOWING; ADVANTAGE TOWING COMPANY, INC.; MICHAEL BRANDEN; RE/MAX; COMMUNITY BANK; JIMMY JOHNSON'S KEARNY MESA CHEVROLET; LOMA RIVIERA 76; NCO FINANCIAL SYSTEMS, INC.; BRIDGET LEGGERRETTE; GEORGE PONCE; THE HOSE PROS; VOIT COMMERCIAL BROKERAGE; WELCH'S TIRES, INC; AT&T; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, <br><br> Defendants, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 08CV301 JLS (JMA) <br><br> **ORDER (1) GRANTING MOTIONS TO BE RELIEVED AS COUNSEL, (2) DENYING WITHOUT PREJUDICE MOTION FOR DISCHARGE FROM LIABILITY, and (3) DENYING MOTION FOR ATTORNEY'S FEES** <br><br> (Doc. Nos. 17, 28, & 32) |

Laurel Hill Escrow Services, Inc. ("plaintiff") originally filed this action as an interpleader complaint in San Diego County Superior Court on May 22, 2007. According to the allegations of

the First Amended Complaint filed in Superior Court on June 19, 2007, plaintiff accepted $257,645 in proceeds from the sale of A&M Towing by IDevelopment, Inc. to Advantage Towing Company. Before plaintiff had obtained escrow instructions or could open the escrow account, various creditors submitted claims to plaintiff exceeding, in the aggregate, the amount of the proceeds. Plaintiff then brought the interpleader action in Superior Court, depositing $252,067.50 with the clerk.

On January 24, 2008, the United States moved for leave to intervene in the Superior Court action, claiming an interest in the proceeds because of federal tax liens against IDevelopment's assets. The claimed liens for unpaid employment taxes, with penalties and interest, total more than $300 thousand. The Hon. David A. Oberholtzer granted the United States's motion to intervene. The United States then removed the action to this Court, pursuant to 26 U.S.C. § 7424 and 28 U.S.C. § 1444.

In this Order, the Court disposes of three motions. The Court **GRANTS** the motions to withdraw as counsel of record separately filed by (1) Cynthia M. Jones and Jason L. Jones of Avatar, Legal, P.C., for IDevelopment, Inc. (Doc. No. 28) and (2) Harver C. Berger of Pope, Berger & Williams, LLP on behalf of George Ponce, Sr. (Doc. No. 32). For the reasons stated in the motions and attached declarations, the Court exercises its discretion to permit each counsel to withdraw.

On May 2, 2008, plaintiff renewed its motion (previously filed in Superior Court) for an Order discharging it from liability, dismissing it from this action, and awarding attorney's fees and costs. (Doc. No. 17.) This motion was never decided prior to removal of the action. Two defendants—the United States of America and Community Bank—filed oppositions to the motion. Plaintiff filed a reply declaration in support of the motion on August 7, 2008. (Doc. No. 39.)

Plaintiff moves for discharge and dismissal pursuant to 28 U.S.C. § 2361, which states that, in an interpleader action, the "district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." Here, however, there is evidence that plaintiff has effectively laid claim to a portion of the funds by not depositing the entirety of those funds with the Court. See Kurland

v. United States, 919 F. Supp. 419, 421 (M.D. Fla. 1996) (discharging plaintiff of liability once all funds "have been paid into the registry of the court"); Sun Life Assurance Co. of Canada v. Thomas, 735 F. Supp. 730, 732-33 (W.D. Mich. 1990) (granting discharge to "neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court"). Plaintiff's motion readily concedes that, when the interpleader action was initiated in Superior Court, plaintiff deposited $252,067.50. (Beye Decla. ISO Motion ¶ 2.) The deposited amount is $5,577.50 less than the amount IDevelopment, Inc. and Advantage Towing Company originally gave plaintiff to hold in escrow. (First Am. Compl. ¶ 3.) A close review of the First Amended Complaint that plaintiff filed in Superior Court indicates that plaintiff may have unilaterally withheld this amount from the interpled funds as a self-designated award of attorney's fees and expenses. (Id. ¶ 8; see Community Bank Opp., at 2.) Indeed, when the United States removed the action, an Order to Show Cause whether plaintiff should deposit the $5,577.50 was pending in Superior Court. Until plaintiff deposits the additional $5,577.50 into the registry of the Court, see 28 U.S.C. § 1335(a)(2), or shows cause why the applicable law permits plaintiff's discharge without depositing this additional amount, the Court **DENIES WITHOUT PREJUDICE** plaintiff's motion for discharge.

Because the Court has denied the request for discharge of liability, the Court likewise declines to exercise its discretion to grant the plaintiff's request for attorney's fees. Gelfgren v. Republic Nat'l Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982); Charles Schwab & Co., Inc. v. Wagaman, 2007 WL 2557210, at *3 (E.D. Cal. Sept. 4, 2007). Even if plaintiff is eventually discharged, however, the Court notes that "the existence of prior federal tax liens gives the government a statutory priority over the interpleader plaintiff's ability to diminish the fund by an award of fees." Abex Corp. v. Ski's Enters., Inc., 748 F.2d 513, 516 (9th Cir. 1984); Island Title Corp. v. Bundy, 488 F. Supp. 2d 1084, 1094 (D. Haw. 2007); see 26 U.S.C. § 6322 (2008) (lien continues until it "is satisfied or becomes unenforceable by reason of lapse of time"). Here, the

//
//
//

government's lien would prohibit plaintiff's future recovery of any fees because the lien attaches to all of the interpled funds and exceeds the amount of those funds.  Therefore, the Court **DENIES** plaintiff's request for attorney's fees.

   IT IS SO ORDERED.

DATED:  September 9, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge